Annette T. RUBINSTEIN, doing business as Robert Louis Stevenson School and Robert Louis Stevenson Evening School, Plaintiff,

v.

Carl R. GRAY, Jr., individually and as Administrator, Veterans Administration, U.S.A., Charles J. Reichert, individually and as Manager of the New York Regional Office, Veterans Administration, U.S.A. and W. A. Gillcrist, individually and as Chief of Vocational Rehabilitation and Educational Division, Regional Office, Veterans Administration, U.S.A., Defendants.

United States District Court
S. D. New York.
May 29, 1952.

Shapiro & Schlissel, New York City, for plaintiff.

Myles J. Lane, U. S. Atty., Southern District of N. Y., New York City, John M. Foley, Asst. U. S. Atty., and Thomas E. O'Keefe, Atty., Veterans Administration, New York City, of counsel, for defendant.

CONGER, District Judge.

Motion by the plaintiff for a preliminary injunction.

The plaintiff operates the Robert Louis Stevenson School and the Robert Louis Stevenson Evening School. The Evening School had a contract with the Veterans Administration for the education and training of veterans under the provisions of Public Law 346, 78th Congress, Servicemen's Readjustment Act of 1944, 38 U.S.C.A. § 693 et seq., as amended by Public Law 610, 81st Congress, Veterans' Regulation No. 1(a), pt. 8, 38 U.S.C.A. following section 745. The Veterans Administration is not authorized to pay for such veterans' education unless the school is approved by the New York State Education Department and this is made a condition of the contract.

On May 19, 1952, the State Education Department advised the Veterans Administration that the school was withdrawn from the approved list effective August 10, 1951, for failure to apply for approval in compliance with the provisions of Public Law 610 and the Instructions promulgated thereunder. On May 23, 1952 the Veterans Administration advised the school of the action by the State Education Department and was prepared to advise the veterans-students except for this proceeding. Payments under the contract will be terminated as of May 21, 1952.

This application in effect seeks to overcome all this and restore the status quo ante.

Assuming that the Court has jurisdiction under 28 U.S.C. § 1346(a)(2) to enjoin a breach of contract and further assuming that the plaintiff has no adequate remedy at law (since the irreparable injury appears to be the veterans-students' and not the plaintiff's, this is a large assumption), I find sufficient reason for denying this application.

In the first place, the Court has no jurisdiction over the persons of the defendants. Gray is in Washington and has not been served and the other two defendants were purportedly served with the complaint when the order to show cause bringing on this application, to which the complaint was annexed, was delivered to clerical personnel in defendants' office by an agent of the school.

Rule 4(c), Fed.Rules Civ.Proc., 28 U.S.C., provides that the Marshal shall serve all process. The plaintiff did not apply for a special appointment of another to serve the complaint. Rule 4(d)(5) provides for service upon an officer or agency of the United States by serving the United States, as provided in 4(d)(4), and by serving such officer or agency. The plaintiff has done none of this.

Secondly, I fail to see any controversy with the Veterans Administration. The latter is not authorized by Public Law 610 and is not required under the contract to award benefits once the school loses State approval. I certainly may not direct the defendants to violate the law, nor would I hold them to an obligation non-existent under the contract.

It appears to be true that the school was removed from the approved list for failure to apply for approval rather than for failure to meet the criteria for approved schools. In this case the regulations provide in effect for a suspension for 60 days of the revocation of approval under certain conditions and upon recommendation of the Chief, Vocational Rehabilitation and Education, and further where exceptional conditions warrant such action, the Manager may request authority to continue payments.

The plaintiff points out that it is attempting to meet these conditions so as

**302**

to receive the benefit of these provisions, but the responsibility of determining whether the conditions warrant any relief rests on the aforementioned Chief in one case and Manager in the other. I have no right to direct them to take action under these regulations.

The contract provides for 60 days notice of termination for any reason but this gives the school no right to such notice where it loses approval, and continuance under the contract by the Veterans Administration is in violation of law.

See also D.C., 130 F.Supp. 303.

█ I find no sufficient showing for the relief sought, assuming the service were proper.

Motion denied. As I see it plaintiff's real quarrel is with the Education Department of the State of New York.