Loretta SAPPIA and Silvio Sappia,
Plaintiffs,

v.

LAURO LINES, Achille Lauro, Home
Lines Agency Inc., and Cosmopolitan
Shipping Company, Inc., Defendants.

United States District Court
S. D. New York.

March 28, 1955.

Baker, Garber & Chazen, Hoboken,
N. J., for plaintiffs.

Gray & Wythe, New York City, for
Achille Lauro.

SUGARMAN, District Judge.

In an action to recover damages for
personal injuries allegedly sustained by
Loretta Sappio while aboard the S.S.
Roma on the high seas and to recover her
husband's consequential damages, the
defendant Achille Lauro moves to vacate
the service of process attempted to be
made on him by delivery of a copy of the
summons and complaint to Lon Hudson,
Treasurer of Home Lines Agency, Inc.,
at the latter's office in New York City.

In support of the motion, Lon Hudson's affidavit is submitted in which he
denies that he was or is authorized to
accept service of process for movant in
this country. Lauro is the operator of
the S.S. Roma. Home Lines Agency,
Inc., is Lauro's agent for the sale of
passage tickets for the vessel.

The motion must be granted since
plaintiff has not proven that the movant's
agent was in fact authorized by appointment or by law to receive service of process.[1]

Plaintiff's attempted service under
New York Civil Practice Act, § 229–b
was also abortive despite F.R.Civ.P. 4(d)
(7), 28 U.S.C.A. Only "a United States
marshal * * * his deputy, or * *
some person specially appointed by the
court for that purpose" may serve
process.[2]

The file does not disclose nor does plaintiff contend that plaintiff's counsel, who
attempted service under the New York
practice, was specially appointed to make
that service.[3]

---

1. Hardy v. O'Daniel, D.C.D.C., 16 F.R.D. 355.

2. F.R.Civ.P. 4(c).

3. Rubinstein v. Gray, D.C.S.D.N.Y., 130 F.Supp. 300.

The foregoing is not to be construed as an indication either way of the validity of service attempted under New York C.P.A. § 229–b by one properly authorized to effect it under F.R.Civ.P. 4(c).[4]

The motion to quash the service of the summons and complaint herein on defendant Achille Lauro is granted and it is so ordered.

---

4. See "Service of Summons on Non-Resident Natural Persons Doing Business in New York", XV St. John's Law Rev., No. 1, p. 1, et seq.