**FLEMING, Administrator, Office of Temporary Controls, v. MALOUF.**

**Civil Action No. 3421.**

District Court, W. D. New York.

April 16, 1947.

Joseph I. Butler, of Syracuse, N. Y., for plaintiff.

Ira M. Hovey, of Niagara Falls, N. Y., for defendant.

KNIGHT, District Judge.

This is a suit to recover rents received by the defendant exceeding the maximum permitted by law.

Service of the summons was made on one Ira Hovey, an attorney, purported to be an agent for the named defendant.

■ Defendant appearing specially moves to dismiss the action on the ground that proper service of process has not been made. In support of the motion to suppress, the defendant submits the affidavit of such agent in which it appears that the named defendant is temporarily outside of the jurisdiction of this court because of the condition of his health; that defendant's tenants, including the one involved herein, have been directed to pay their rents to the aforesaid agent; that said agent pays the disbursements involved in connection with the ownership of defendant's property and supervises the management thereof. A counter affidavit submitted by the plaintiff is to the effect that said attorney caused the premises in question to be registered with the Area Rent Office; that the registration was signed by such attorney as the agent for the owner; that various communications have passed between the Price Administrator and said attorney and all violations occurring in regard to said premises in violation of the Emergency Price Control have been perpetrated through the action of the attorney or the so-called agent.

Rule 4(d) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides for service upon an "agent authorized by appointment or by law to receive service of process." There is nothing to show any express authority in the aforesaid agent, either by appointment or by law, to receive service of process.

Moore's Federal Practice, Vol. 1, Sec. 4.11, page 287, says: "The phrase 'an agent authorized by *appointment* to receive service of process' is intended to cover the situation where an individual *actually* appoints an agent for that purpose." But he further adds that "Some ambiguity surrounds the phrase 'an agent authorized by *law* to receive service of process.'" He suggests that it is not quite clear whether "law" was intended to embrace the situations of an agent deemed by the common or general law to have sufficient authority to accept service of process, an agent designated by a statute of the United States for that purpose, and an agent designated by state law. He adds: "Two considerations tend to indicate that

'law' refers only to *federal law,* including statutes."

■ In the instant case there is no federal or state statute authorizing service on the agent as here. Even if "law" as used in the Rule was intended to embrace situations of an "agent" deemed such by the common or general law, it is doubtful if sufficient authority to this particular individual to accept service of process herein is shown by the circumstances here. However, it is believed, as indicated by Moore, the law refers only to statutory law. This authority further says: "* * * there do not seem to be any instances in which personal service can be made in an original action upon an individual defendant by making service upon his agent, in the absence of a statute." Vol. 1, Sec. 4.12, page 289.

The motion to dismiss must be granted.