**D. Heywood HARDY,**

v.

**W. Lee O'DANIEL.**

Civ. No. 3221-48.

United States District Court for the District of Columbia.

Nov. 4, 1954.

Roy St. Lewis, Washington, D. C., for plaintiff.

J. H. Connaughton, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This motion to quash service of summons and complaint involves a question of law, namely, the construction of Rule 4(d) (1) of the Federal Rules of Civil Procedure, 28 U.S.C., which governs the mode of service upon an individual. That rule provides in its pertinent clauses that a summons upon an individual other than an infant or an incompetent person may be made by delivering copies to him personally, or by leaving copies thereof at his dwelling house or usual place of abode, with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

In this case the plaintiff relies upon the last clause, because the service was made upon a person who is claimed to have been an agent of the defendant.

The affidavits submitted on this motion —and I am construing these affidavits

from the standpoint most favorable to the plaintiff—establish that the person served was an agent for certain purposes, principally an agent of the defendant to collect certain payments claimed by him to be due him, and to transmit those payments to him.

The rule, however, does not permit service on any agent. In that respect it differs from paragraph (3) of the same rule, which governs service of process upon a corporation. The last mentioned rule permits service on a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. The rule relating to service upon a natural person is much more narrow and does not permit service on a managing or general agent, or any agent whatever except an agent authorized by appointment or by law to receive service of process.

It seems to the Court that this rule should be construed as relating to an agent expressly authorized by appointment of the defendant to receive process in his behalf, or an agency created by statute to receive service of process, such as an agency in respect to suits against nonresident defendants in connection with automobile accident cases, or other statutory agencies of that sort.

It seems to the Court that the agent in this instance, although clothed with a great deal of authority in behalf of the defendant, was not such an agent as is contemplated by the rule, because the agent was not authorized to receive process by any appointment, in the name of the defendant, or by any statutory appointment. Under the circumstances, the Court deems itself constrained to grant the motion to quash service.

The Court might say, in conclusion, that the construction that it has placed upon this rule is similar to that adopted in Fleming v. Malouf, D.C., 7 F.R.D. 56, and Morfessis v. Marvins Credit, Inc., D.C.Mun.App., 77 A.2d 178, 26 A.L.R.2d 1082.

Motion granted.