**John David GRAFF d/b/a 63rd Street Medical Clinic, Appellee,**

v.

**Joseph F. KELLY, d/b/a Joseph F. Kelly, M.D., an individual, Appellant.**

No. 72052.

Supreme Court of Oklahoma.

July 9, 1991.

---

David P. Henry, Coyle & Henry, P.C., Oklahoma City, for appellee.

Brent D. Coldiron, Pool, Thompson, Coldiron, Blankenship, & Vincent, Del City, for appellant.

ALMA WILSON, Justice:

This appeal raises a single issue of first impression, whether service of process is valid when the process server serves the summons upon an employee, not the defendant, at that defendant's place of employment. We hold that such service is invalid under 12 O.S.Supp.1990, § 2004(C)(1)(c)(1).

The appellee brought suit against the appellant on February 24, 1987, alleging breach of contract and tort. The petition alleged that the appellant was employed by the appellee clinic and was responsible for rendering medical services to patients of the clinic. It further alleged that all monies received for the rendition of those services were to be paid directly to the clinic for its benefit. The appellant is alleged to have received payment from patients which he refused to tender to the clinic, converting those payments for his own use. Because he was alleged to have a contract with the clinic, such action was claimed to be a breach of contract. The clinic asked for $12,500.00 in damages for the breach of contract. It asked punitive damages for the alleged conversion.

On March 4, 1987, a return of service was filed which swore that the service agent served "Joseph Kelly M.D.'s Receptionist" at the appellant's business address, 4405 S.E. 28th, which the service agent endorsed as Kelly's "usual place of residence" and that the agent left the summons with "a member of the staff." On June 12, 1987, the trial court judge signed a Journal Entry of Judgment finding that the defendant (appellant) had been served at his place of business, that he had failed to answer the summons, and was in default. The plaintiff (appellee) was awarded a judgment in the amount of $12,500.00 for breach of contract, plus costs in the amount of $82.00 and an attorney's fee in the amount of $1,250.00 for a total judgment of $13,832.00. On May 26, 1988, the appellant was ordered to appear for a hearing on assets to be held on June 14, 1988.

On July 12, 1988, the appellant filed a petition to vacate the judgment based on defective service of process, and appellee answered by general denial. On September 14, 1988, the appellant moved for summary judgment and alleged that there was no substantial controversy concerning the material facts. The appellee objected to the appellant's motion for summary judgment and appellee moved for summary judgment. The trial court denied the motion of the appellant on October 28, 1988,

and the appellant filed his Petition in Error with this Court on November 14, 1988.

On November 23, 1988, this Court on its own motion ordered the appellant to show cause why the appeal should not be dismissed as premature because the trial court's order appeared to be interlocutory. The appellant responded that his petition to vacate a default judgment rested not upon a dispute of factual issues but upon an interpretation of the law and that the facts as presented upon summary judgment were not contested. He stated that the legal issue was whether or not service of summons upon his receptionist at his place of business was adequate service under Oklahoma law. He added that a trial would not produce any new facts and would present the trial court with the identical legal question which would eventually be appealed. He attached copies of the court records. On December 29, 1988, this Court ordered the appeal to proceed based upon Rule 1.11(b)(3) of the Rules of Appellate Procedure in Civil Cases which provided in pertinent part:

(b) *Computation of judgment date and definition of final order*

... if the case is tried to the court, judgment is deemed rendered when its terms are completely pronounced by the judge and clearly resolve all the issues in controversy. Shaw v. Sturgeon, Okl., 304 P.2d 341, 343; Emerson v. Lewis, Okl., 274 P.2d 529. The following constitute final orders:

\*   \*   \*   \*   \*   \*

(3) one modifying or refusing to vacate or modify a final judgment....

12 O.S., ch. 15, app. 2, amendment of Sept. 22, 1986. The case was subsequently assigned to the Court of Appeals which affirmed. We have previously granted certiorari.

On the merits, the appellant argues that the trial court erred by denying his motion for summary judgment upon his petition to vacate the prior default judgment. His argument is based upon the assertion that service on his receptionist is not a proper substitute service provided for in the Oklahoma Pleading Code and more specifically

by 12 O.S.Supp.1990, § 2004(C)(1)(c)(1). The appellee argues that service was proper under the statute because the receptionist was an agent of the appellant or, alternatively, because the appellant received actual notice of the lawsuit.

■■■ Title 12 O.S.1981, § 1038, provides in pertinent part: "A void judgment may be vacated at any time, on motion of a party, or any person affected thereby." This provision applies only when the invalidity appears on the face of the judgment roll. *Town of Watonga v. Crane Co.*, 189 Okla. 184, 114 P.2d 941, 942 (1941). The "petition" [1] to vacate the default judgment which was filed by the appellant asserts that the judgment entered was void on its face.

A judgment is void on its face when the judgment roll affirmatively shows that the trial court lacked either (1) jurisdiction over the person; (2) jurisdiction over the subject matter; or, (3) judicial power to render the particular judgment. *Morgan v. Karcher*, 81 Okl. 210, 197 P. 433. *Town of Watonga*, 114 P.2d at 942. The judgment roll is the same as the "record" and is made up of the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court. *Elliott v. City of Guthrie*, 725 P.2d 861, 863 n. 8 (Okla.1986).

In the record, on the return, under a paragraph entitled "USUAL PLACE OF RESIDENCE" the return reads as follows:

I certify that on the 4 day of March I served the following; Joseph Kelly M.D.'s Receptionist a copy of said Summons at 4405 SE 28th which is the usual place of residence, with Joseph Kelly M.D., a member of the family or residence [sic] over fifteen (15) years of age.

All the blank spaces, which are indicated by underlining above, were hand written, and

the term "family" was crossed out and the term "staff" was hand written underneath. If the construction of the return does not reveal that it met the requirements of the statutes at the time of service of process, then the judgment is void on its face. If void on its face, the judgment may be set aside at any time pursuant to 12 O.S.1981, § 1038.[2]

The appellee answered the appellant's petition to vacate by a general denial which stated that the underlying judgment was not subject to modification, being set aside, or being vacated pursuant to "12 O.S. § 1031 et seq." In the appellee's own motion for summary judgment he argues that the receptionist was appellant's agent by appointment or by law to receive service of process. Without explanation, the trial court denied appellant's motion for summary judgment. The Court of Appeals affirmed on the grounds that the appellant did not deny that he received actual notice.

■■■ Actual notice cannot by itself be sufficient to establish in personam jurisdiction, otherwise there would be no provision for challenging the mode of delivery or the lack of delivery of the summons and petition under 12 O.S.Supp.1990, § 2012(B)(5). 1984 Okla.Sess.Laws, ch. 164, § 12. Coming into court with such a challenge would prove the party had actual notice of the lawsuit and the motion would always be denied. The rule must be that which is stated by the Supreme Court of Georgia: "Where there has been no service of a suit, or waiver thereof, the necessity of service is not dispensed with by the mere fact that the defendant may in some way learn of the filing of the suit." *Piggly–Wiggly Georgia Co. v. May Investing Corp.*, 189 Ga. 477, 6 S.E.2d 579, 580 (1939). The Supreme Court of Alabama in *Cooper v. Watts*, 280 Ala. 236, 191 So.2d 519, 522 (1966) held that the mere fact that a defendant has learned of the filing of a lawsuit

1. The default judgment was attacked by a "petition" under the same district court case number as the judgment which the appellant is seeking to set aside as void. Although § 1038 provides that a void judgment be attacked by a motion, the appellee has made no objection to the form used by the appellant and we do not find any

prejudice as a result of the label which the appellant has attached to the document.

2. This statute was amended by 1990 Okla.Sess. Laws, ch. 251, § 17. The last sentence of the amended statute remains the same as that quoted above.

does not dispense with the necessity of service of process or a waiver thereof, in order that a court obtain jurisdiction over the person. The court added that "a person's mere presence in court does not give jurisdiction to enter a judgment against him when he was not brought there by any legal means." *Cooper*, 191 So.2d at 522, citing 21 C.J.S. Courts § 83.

█ Because actual notice of a lawsuit alone is not sufficient to establish in personam jurisdiction, we must determine whether the substituted service of process was effective to establish such jurisdiction. This Court held in *Steincamp v. Steincamp*, 593 P.2d 495, 498 (Okla.1979), that in determining the sufficiency of substituted service of process, three questions must be answered: "(1) Is there a statute authorizing the method of service employed?; (2) Have the requirements of the statute been observed?; (3) Have fundamental due process requirements been met?"

█ The appellee argues that the receptionist was a proper agent for service of process under 12 O.S.Supp.1990, § 2004(C)(1)(c)(1). The first *Steincamp* question is answered affirmatively as there is a statute providing for substitute service of process upon an individual's agent who is appointed by the individual or by law to receive the service of process. That statute provides for service to be made:

Upon an individual other than an infant who is less than fifteen (15) years of age or an incompetent person, by delivering a copy of the summons and of the petition to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person then residing therein who is fifteen (15) years of age or older or by delivering a copy of the summons and of the petition to an agent authorized by appointment or by law to receive service of process....

1985 Okla.Sess.Laws, ch. 277, § 3. An examination of this statute reveals that the process server may deliver the summons and petition to the defendant personally;

or leave copies at his dwelling house or usual place of abode with someone residing therein who is fifteen years old or older; or the process server may deliver the copies to an agent authorized by appointment or by law. Appellee does not argue that the service of the summons and petition was valid because the copies had been left at the residence of the appellant. A defendant's regular place of business is not the same as his dwelling house or usual place of abode. The holding of *Cohen v. Cochran Grocery Co.*, 70 Okla. 168, 173 P. 642 (1918), reveals that leaving a copy of a summons at a defendant's usual place of business is wholly insufficient to confer jurisdiction over the person where the statute in that case provided for service at his "usual place of residence with some member of his family over 15 years of age." *Cohen*, 173 P. at 642.

Instead of arguing that the appellant's business address was his usual place of abode, the appellee argues that the receptionist who was served was an agent of the appellant. Therefore, to determine whether the requirements of the statute have been met, the second *Steincamp* question would require a determination of whether the receptionist was an agent authorized by the appellant or by law to receive service of process.

█ The answer to the second *Steincamp* question involves settling what is required to authorize a person "by appointment" as an agent for the purpose of receiving service of process, and what is required to identify one who has become an agent "authorized by law." The Oklahoma Pleading Code [3] was adapted from the Federal Rules of Civil Procedure in 1984.[4] The adoption of the federal statutes by the legislature provides this Court with a body of authority from federal case law where the text of the Federal Rules has been adopted in the Oklahoma Pleading Code. *See Laubach v. Morgan*, 588 P.2d 1071, 1073 (Okla. 1978); *Baker v. Knott*, 494 P.2d 302, 304 (Okla.1972). Federal Rule of Civil Proce-

---

**3.** 12 O.S.Supp.1990, §§ 2001–2027.

**4.** Introductory Committee Comment, 12 Okla. Stat.Ann., ch. 39 (West Supp.1991), 1984 Okla. Sess.Laws, ch. 164, §§ 1–29.

dure 4(d)(1) provides for service to be made:

Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint *to an agent authorized by appointment or by law to receive service of process.* [Emphasis provided.]

The entire paragraph is substantially the same as § 2004(C)(1)(c)(1), which we are construing. The emphasized language in the federal statute is identical to that in our state statute. An example of an agent authorized by appointment is found in *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). In that case the defendants who were all Michigan residents had signed a farm equipment lease with a New York corporation. One of the paragraphs in that contract provided for a specific person at a specific address in New York to be designated as the agent of the lessees for the purpose of accepting service of process within the State of New York. The Supreme Court of the United States found that the New York resident was an "agent authorized by appointment" within the meaning of the federal rule. The Court held that because the defendants had contractually agreed to appoint the New York resident as service agent and had actually received the process papers promptly upon service of the agent, the service of process was valid. As a general matter, authorities agree that an individual cannot be served through a general agent. *Gazis v. John S. Latsis (USA) Inc.,* 729 F.Supp. 979, 991 (S.D.N.Y.1990); *Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 619 F.Supp. 727, 742 (S.D.N.Y.1985). "In the absence of actual appointment, service of process is ineffective." *Whisman v. Robbins,* 712 F.Supp. 632, 636 (S.D.Ohio 1988). An agent authorized by appointment to receive service of process must be one who has received specific authorization by his principal. General agency is not sufficient.

In his motion for summary judgment, the appellant includes an affidavit in support of his motion that the receptionist at the medical clinic where he worked was not his agent authorized by appointment or by law to receive service of process on March 4, 1987, nor at any other time. The appellee does not include an affidavit or any evidence that the appellant ever appointed the receptionist to be his agent for service of process. The ruling on a motion for summary judgment must be made on a record which the parties have actually presented and not on a record which is potentially possible. *Northrip v. Montgomery Ward & Co.,* 529 P.2d 489, 494 (Okla.1974). "Mere contention that facts exist or might exist is not sufficient to withstand summary judgment." *Loper v. Austin,* 596 P.2d 544, 546 (Okla.1979).

From the original record, no substantial controversy exists as to the fact concerning whether or not the receptionist had been specifically authorized to receive service of process on behalf of the appellant. Therefore we conclude that the appellant did not appoint the receptionist as his agent for service of process.

The question remains whether the receptionist could be an agent to receive service of process by law. The appellee cites us to no law which would require that this Court recognize a receptionist as an agent for service of process upon a physician who works in the same facility, even if the receptionist has been employed by the facility for fifteen years as the appellee alleges.

■ Delivery of process upon an agent authorized by law suffers from a dearth of authority. The phrase "authorized ... by law" stands judicially undefined despite the years that have transpired since the adoption of the federal rules. 4A C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1098 (1987). "Several decisions, however, state or intimate that the language refers to an agent authorized by legislative enactment to receive process, rather than one authorized by common law,

or estoppel, or the doctrines of agency." Wright, at 91, citing *Nelson v. Swift*, 271 F.2d 504 (D.C.Cir.1959); *Hardy v. O'Daniel*, 16 F.R.D. 355 (D.D.C.1954); and *Fleming v. Malouf*, 7 F.R.D. 56 (D.N.Y.1947). Such an inference is logical. The explanation for the lack of authority concerning construction of the phrase could lie in the probability that courts would tend to address the more specific statute which is the basis for the authority to act as agent rather than referring to and defining the word "law" in Rule 4(d)(1). Because the Oklahoma Pleading Code contains so much detail concerning how a summons is to be served, the intent of the legislature is apparently to provide substitute service of process upon an agent "authorized ... by law" only where there has been a legislative enactment authorizing such service. This Court so holds. The appellee cites no statute which authorizes that the receptionist served was authorized by law to be the agent of the appellant to receive service of process.

The discussion of the second *Steincamp* question reveals that the requirements of the applicable statute have not been met and therefore substitute service upon the receptionist at the clinic where the appellant was employed was ineffective as service upon the appellant.

▉ Finally, there remains the problem of whether the statutes concerning service of process must be strictly complied with as held in *Ferguson v. Hilborn*, 402 P.2d 914, 920 (Okla.1965), or whether substantial compliance is sufficient, as discussed in *Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 943–946 (10th Cir.1987). Those cases and the cases cited therein construed provisions which have been repealed by Senate Bill No. 417, 1984 Okla. Sess.Laws, ch. 164, § 32, when the presently effective Oklahoma Pleading Code was enacted. The Code provides that "It shall be construed to secure the just, speedy, and inexpensive determination of every action." 12 O.S.Supp.1990, § 2001, 1984 Okla.Sess Laws, ch. 164, § 1. It further provides in subsection F of § 2004 that "A court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." Consistent with that purpose, a method has been provided for alternative service of process in § 2004(C)(6):

SERVICE BY OTHER METHODS. If service cannot be made by personal delivery or by mail, a defendant of any class referred to in division (1) or (3) of subparagraph c of paragraph 1 of this subsection may be served as provided by court order in any manner which is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard.

1985 Okla.Sess.Laws, ch. 277, § 3(C)(5). The Committee Comment, 12 Okla.Stat. Ann. § 2004 (West Supp.1991), observes:

Paragraph 5 [now paragraph 6] of subsection C of 2004 goes beyond current Federal Rules and former Oklahoma law to provide that where service cannot be accomplished by personal delivery or by mail, the court may order service in any manner that is 'reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard.' See Milliken v. Meyer, 311 U.S. 457, 463 (1940). This provision gives the court discretion to fashion a method of service appropriate to particular circumstances so long as this standard is met.

We conclude and so hold that the Oklahoma Pleading Code requires substantial compliance in order for the trial court to have jurisdiction over the person of the defendant. We note that § 2004(C)(6) places the responsibility of devising due process alternatives upon a neutral magistrate, as opposed to a commercial process server who has a financial interest in serving process papers and who could conceivably elect to leave such papers with anyone available.

The face of the return of process does not reveal that the appellant was properly served. Nothing on the return indicates that the receptionist was an authorized agent of the appellant for service of process, and the form of the return does not conform to any other statute which speci-

fies a substitute service of process. Because the record reveals that default judgment was rendered without service of process having been properly made upon the appellant, the trial court lacked in personam jurisdiction and the judgment is void on its face. *High v. Southwestern Ins. Co.*, 520 P.2d 662, 665 (Okla.1974). Because the facts are undisputed, the trial court's order denying the appellee's motion for summary judgment is not supported by the record. Accordingly, we reverse with directions to grant the motion and vacate the default judgment. This result makes addressing the third *Steincamp* question, concerning whether fundamental due process requirements have been met, unnecessary.

CERTIORARI PREVIOUSLY GRANTED, OPINION OF THE COURT OF APPEALS VACATED, JUDGMENT OF THE TRIAL COURT REVERSED AND REMANDED WITH DIRECTIONS.

HODGES, V.C.J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE, KAUGER and SUMMERS, JJ., concur.

OPALA, C.J., dissents.