2008 OK CIV APP 75

## In the Matter of the MARRIAGE OF W.R. ALLEN, Petitioner/Appellee,

### and

### S.J. Allen, Respondent/Appellant.

### No. 105,291.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 1, 2008.

W. Allen Vaughn, Vanessa D. Campbell, Vaughn & Campbell, Tulsa, OK, for Petitioner/Appellee.

Christan P. Mai, Alliance Legal Counsel, P.C., Broken Arrow, OK, for Respondent/Appellant.

## OPINION

ADAMS, Presiding Judge.

¶1 Respondent S.J. Allen appeals from the denial of her motion to vacate a post-decree modification order. She argues the order was issued without statutorily required procedures, including the issuance of summons, and that makes the order modifying the original decree void. Because we agree with this conclusion, we reverse the trial court order and remand the case with instructions to vacate the void order.

¶2 Petitioner and Respondent were married in 1979, and they divorced in 2001. The decree sets forth their agreement for joint custody of their children and provides for child support. On December 10, 2003, an order entitled "Agreed Modification" was filed in the case which changed the custody arrangement, set child support, and provided for the allocation of tax exemptions attributable to the children.

¶3 On March 30, 2007, Petitioner moved to modify child support. In that motion Petitioner alleged that on December 10, 2003, he and Respondent had entered into an "Agreed Modification." Petitioner claimed that under the terms of the December 10, 2003 order Respondent was ordered to pay him child support and that she was in arrears.[1]

¶4 Respondent filed a response in which she, among other things, moved to vacate the December 10, 2003 order (Agreed Modification). She claimed that in November 2003, the parties had negotiated modifications regarding terms in the decree, but that the agreements differed from those stated in the Agreed Modification filed on December 10, 2003, and that she had not been provided with notice and an opportunity to be heard prior to when the district court judge signed the order in question.

¶5 Respondent also argued that the presentation of the Agreed Modification for approval was a post-judgment motion which was required by 12 O.S.2001 § 2005.1 to be served in accordance with 12 O.S.2001 § 2004(C). She argues she was never served with any motion, petition, or summons. She claimed no waiver of summons was obtained. Absent such a motion and summons, she argues, the trial court was without jurisdiction to consider modifications to the decree.

¶6 Petitioner moved to dismiss her motion to vacate, arguing, among other things, it was untimely. Both parties appeared with

---

1. Petitioner also filed an application for indirect contempt based upon the alleged arrearage. The order on appeal addressed only Respondent's motion to vacate and does not rule on the application for indirect contempt, the motion for modification, or Respondent's motion for an order of dismissal compelling mediation filed as a part of her response to Petitioner's motion for modification. The order denying Respondent's motion to vacate is an interlocutory order subject to immediate appeal. 12 O.S.2001 § 952(b)(2).

counsel at a hearing on the motion to dismiss the motion to vacate and the motion to vacate. An order denying Respondent's motion to vacate was filed, and this appeal followed.

¶ 7 Respondent argues the Agreed Modification was void and that her motion to vacate was timely because, as a void order, the Agreed Modification may be vacated at any time under 12 O.S.2001 § 1038. Among the defects she cites as rendering the Agreed Modification void is that it was filed despite the fact that no summons was served upon her and no waiver of service was obtained.

¶ 8 The judgment roll shows no service of summons and the record does not reflect any waiver of service. Petitioner does not claim any summons was sent. Instead, Petitioner argues a summons was not required under the circumstances. We disagree.

¶ 9 The dictates of § 2005.1 and § 2004 may not be ignored. Petitioner errs in claiming the statutory requirements for summons and service were not applicable because Respondent had agreed to the modifications of the original decree. Petitioner alleges that a copy of the Agreed Modification was mailed to Respondent after it was filed, but the record contains no certificate of mailing or any other evidence of such a mailing. The signature of Respondent on the Agreed Modification indicates, at best, her agreement to terms set forth therein, but there is no summons or recognized substitute showing that procedural due process was afforded her. Nothing in the Agreed Modification allegedly signed by Respondent waived notice or service of summons.

■ ¶ 10 As the Oklahoma Supreme Court stated in *Graff v. Kelly*, 1991 OK 71, ¶ 10, 814 P.2d 489, 492, citing *Piggly–Wiggly Georgia Co. v. May Investing Corp.*, 189 Ga. 477, 6 S.E.2d 579, 580 (1939), that "[w]here there has been no service of a suit, or waiver thereof, the necessity of service is not dis-

pensed with by the mere fact that the defendant may in some way learn of the filing of the suit." "Due process is violated by the mere act of exercising judicial power upon process not reasonably calculated to apprise the defendant of the pendency of an action. *Riverside & Dan River Cotton Mills v. Menefee*, 237 U.S. 189, 35 S.Ct. 579, 59 L.Ed. 910." *Bomford v. Socony Mobil Oil Co.*, 1968 OK 43, ¶ 16, 440 P.2d 713, 719. The offense to due process is clearly evident when not only does one of the parties not have notice of proceedings to be held but no process has issued at all.

■ ¶ 11 Here, Respondent knew she and Petitioner had negotiated modifications to the decree, but the judgement role does not demonstrate notice of the court proceedings leading to the approval and filing of the Agreed Modification. Respondent was entitled to receive the summons required by statute, and absent such process, the judgment obtained on December 10, 2003, was void.

¶ 12 "A void judgment, decree or order may be vacated at any time, on motion of a party, or any person affected thereby." 12 O.S.2001 § 1038. The record shows on its face that the Agreed Modification was void, and the trial court erred in denying Respondent's motion.[2] The denial of the motion to vacate is reversed, and the case is remanded with instructions for the trial court to vacate the December 10, 2003 order.

REVERSED AND REMANDED

HANSEN, J., and JOPLIN, J., concur.

---

2. We need not address other arguments urged by Respondent. In addition, because no party raised this issue, we do not consider the effect of the apparent failure to comply with the mandates of 43 O.S.Supp.2000 §§ 118(E)(17)(e) and (19) and 43 O.S.Supp.2000 § 120(B)(2) which were effective some three years prior to the filing of the Agreed Modification.