**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

SHEREE L. HUKILL,

      Plaintiff-Appellee,

v.

OKLAHOMA NATIVE AMERICAN
DOMESTIC VIOLENCE
COALITION, d/b/a/ Spirits Of Hope;
PAULINE MUSGROVE,

      Defendants-Appellants,

and

NICK DOOLEY, CHARLOTTE
JOHNS, JEANIE JONES, ANGELA
KNIFECHIEF, JAIME LEVERETT,

      Defendants.

No. 07-5168

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 06-CV-662-CVE)**

---

Submitted on the briefs:*

---

\*      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

(continued...)

Debra W. McCormick, Rubenstein, Bryan, McCormick & Pitts, Edmond, Oklahoma; Patricia Kirch, Rainey Martin LLP, Oklahoma City, Oklahoma, for Defendants-Appellants.

Matthew B. Free, Best & Sharp, Tulsa, Oklahoma, for Plaintiff-Appellee.

---

Before **HOLMES**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

**PORFILIO**, Circuit Judge.

---

Defendants Pauline Musgrove and Oklahoma Native American Domestic Violence Coalition (d/b/a "Spirits of Hope") appeal the district court's denial of their motion to set aside a default judgment in favor of plaintiff Sheree L. Hukill. Because Ms. Hukill did not properly serve Ms. Musgrove and Spirits of Hope, the district court did not have jurisdiction over them, and we conclude that it was required to set aside the default judgment. We therefore reverse and remand to the district court with directions to vacate the default judgment against these defendants.

## *Background*

The relevant facts are not in dispute. Ms. Hukill worked for Spirits of Hope as a grant writer and staff attorney until her employment was terminated in December 2004. Following her termination, she filed a lawsuit in Oklahoma state

---

[*](...continued)
ordered submitted without oral argument.

court against Spirits of Hope, Ms. Musgrove, and other defendants. Ms. Hukill voluntarily dismissed her state-law action in October 2006 and filed this federal-court action against the same defendants two months later. Before attempting to serve Spirits of Hope and Ms. Musgrove with the federal summons and complaint, Ms. Hukill's counsel contacted the lawyer who represented them in the state-court action to inquire whether he would accept service on behalf of his clients. Their lawyer responded that his clients would not authorize him to do so.

Ms. Hukill elected to serve Spirits of Hope and Ms. Musgrove by following state law, *see* Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A), pursuant to an Oklahoma statute which provides that "[s]ervice by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee." Okla. Stat. tit. 12, § 2004(C)(2)(b). Ms. Hukill mailed both summonses to the Spirits of Hope business address. One summons was addressed to "Pauline Musgrove c/o Spirits of Hope Coalition" and was marked for restricted delivery. Aplt. App. at 76. The other summons was addressed to "Spirits of Hope Coalition c/o Pauline Musgrove" and was not marked for restricted delivery. *Id.* at 74. At the time of these mailings, Ms. Musgrove was the executive director of Spirits of Hope and its registered agent for service of process, but she did not sign for either delivery. The same person, "L. Vollintine," signed both return receipts. *See id.* at 74, 76. At that

time, L. Vollintine was not an employee, officer, board member, or director of, or an agent authorized to receive service of process on behalf of, Spirits of Hope. None of the other defendants who were served by plaintiff were employees, officers, or directors of, or agents authorized to accept service of process for, Spirits of Hope at the time Ms. Hukill filed her complaint or effected service upon them. *See id.* at 71.

After the defendants failed to respond to the complaint, Ms. Hukill moved for default judgment, indicating that Spirits of Hope and Ms. Musgrove had each been served by certified mail. The district court granted the motion and entered judgment against Spirits of Hope, Ms. Musgrove, and the other defaulting defendants,[1] jointly and severally, for more than $100,000. Less than a month later, Spirits of Hope and Ms. Musgrove filed a motion to set aside the default judgment against them under Fed. R. Civ. P. 55(c) and 60(b), contending that the judgment was void because they were never properly served.[2] They did not allege in their motion that they had not ultimately received the summons and complaint or that they were unaware of the lawsuit. They argued that, under Oklahoma law, statutes prescribing the manner of service must be strictly complied with.

---

[1]    Ms. Hukill's motion sought a default judgment as to all but one defendant, who she later served by publication and obtained a separate default judgment against.

[2]    None of the other defaulting defendants moved to set aside the default judgment. Hereafter, "defendants" refers to Spirits of Hope and Ms. Musgrove.

-4-

Ms. Hukill opposed the motion, asserting that only substantial compliance with the Oklahoma statute was required.

The district court denied defendants' motion to vacate the default judgment, holding that substantial compliance is the proper standard under Oklahoma law. The court focused on the mailing addressed to Ms. Musgrove, which was marked for restricted delivery, as required by the statute. Acknowledging that the post office did not enforce the delivery restriction when it permitted L. Vollintine to accept the mailing and sign the return receipt, the court reasoned that Ms. Hukill substantially complied with the statute. It emphasized defendants' failure to assert that they did not receive the summons and complaint, as well as the evidence that they were aware of the pendency of the lawsuit based on their refusal to allow their counsel to accept service. The district court concluded that service upon Ms. Musgrove individually, and as an officer and service agent for Spirits of Hope, was valid under Oklahoma law because "[m]ore than a reasonable probability exists that defendants had actual notice of the civil action.[3]

---

[3]     Having found that the service upon Ms. Musgrove and Spirits of Hope was valid, the district court proceeded to determine whether the default judgment should nonetheless be set aside. *See United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) (setting forth requirements for setting aside a default judgment). Because we conclude that service was not valid, we do not reach the parties' contentions regarding the culpability of defendants' conduct, whether they have a meritorious defense, or prejudice to Ms. Hukill. *See id.*

Aplt. App. at 104. Ms. Musgrove and Spirits of Hope filed a timely appeal of the district court's ruling.

### *Standards of Review*

We generally review a district court's denial of a motion to set aside a default judgment under Rules 55(c)[4] and 60(b) for an abuse of discretion. *United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993). But we apply a different standard of review to rulings under Rule 60(b)(4), which permits a court to relieve a party from a final judgment that is void. Where Rule 60(b)(4) is properly invoked, "relief is not a discretionary matter; it is mandatory," *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994) (quotation omitted), and, accordingly, our review is de novo, *see Wilmer v. Bd. of County Comm'rs*, 69 F.3d 406, 409 (10th Cir. 1995).

In this case our decision turns on the application of Oklahoma law, which we also construe de novo. *See Cooper v. Cent. & Sw. Servs.*, 271 F.3d 1247, 1251 (10th Cir. 2001); *see also Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 715-16 (10th Cir. 2005) (applying Kansas law to determine whether service of corporation under Rule 4(h)(1)(A) substantially complied with state law); *Tex. W. Fin. Corp. v. Edwards*, 797 F.2d 902, 905-06 (10th Cir. 1986) (applying Texas law to determine whether service of individual strictly complied

---

[4] Rule 55(c) provides, in pertinent part, that "[t]he court may set aside . . . a default judgment under Rule 60(b)."

with state long-arm statute).  We must "ascertain and apply Oklahoma law with the objective that the result obtained in federal court should be the result that would be reached in an Oklahoma court.  In so doing, we must apply the most recent statement of state law by the state's highest court."  *Cooper*, 271 F.3d at 1251 (citation and quotations omitted).

### *Discussion*

"[A] default judgment in a civil case is void if there is no personal jurisdiction over the defendant."  *United States v. Bigford*, 365 F.3d 859, 865 (10th Cir. 2004) (emphasis and quotation omitted).  And "service of process [under Fed. R. Civ. P. 4] provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served."  *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992).  Rule 4 permits service of a summons and complaint upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  The same method may be used to serve a corporation.  *Id.* at 4(h)(1)(A).

Here, Ms. Hukill chose to serve Spirits of Hope and Ms. Musgrove by certified mail pursuant to Okla. Stat. tit. 12, § 2004(C)(2).  As we have noted, § 2004(C)(2)(b) requires such service to be sent "by certified mail, return receipt requested and delivery restricted to the addressee."  Section 2004(C)(2)(c)

-7-

provides further that, with respect to an individual, "[a]cceptance or refusal of service by mail by a person who is fifteen (15) years of age or older who resides at the defendant's dwelling house or usual place of abode shall constitute acceptance or refusal by the party addressed." *Id.* For service upon a corporation, "acceptance or refusal by any officer or by any employee of the registered office or principal place of business who is authorized to or who regularly receives certified mail shall constitute acceptance or refusal by the party addressed." *Id.*[5]

Defendants contend that Ms. Hukill's attempted service upon them failed to comply with the Oklahoma statutory requirements in several respects. As to service on Ms. Musgrove, they argue that (1) plaintiff failed to mail the summons and complaint to her house or usual place of abode and (2) although the mailing was sent with delivery restricted to the addressee, it was not received by Ms. Musgrove herself, but was accepted by another person not residing at her dwelling house or abode. As to service on Spirits of Hope, they assert that (1) the

---

[5]    The district court appears to have concluded that § 2004(C)(2)(c) is wholly inapplicable to this case because it pertains only to the issuance and setting aside of default judgments, and "[t]he Federal rules defer to Oklahoma law only in regard to the manner of service, not in regard to default judgment." Aplt. App. at 101 n.7. To the extent that subsection (c) addresses state-law procedures related to default judgments, we agree with the district court. But, as illustrated here, that subsection also defines who may accept or refuse service by mail on behalf of a corporation, as well as when acceptance or refusal of service by mail by someone other than the individual party addressed nonetheless constitutes acceptance or refusal of service by that party. *See Mortgage Elec. Registration Sys., Inc. v. Crutchfield*, 144 P.3d 196, 200-01 (Okla. Civ. App. 2006).

mailing was not sent with delivery restricted to the addressee and (2) it was not accepted by an officer or an employee authorized to or who regularly receives certified mail. Defendants contend further that Ms. Hukill knew or should have known that L. Vollintine was not authorized to accept service for Ms. Musgrove or Spirits of Hope, yet plaintiff represented to the court that service upon them was proper.

We agree with defendants' contentions regarding noncompliance with the statutory requirements, with one exception. We reject defendants' assertion that Ms. Hukill was required to serve Ms. Musgrove at her residence. Section 2004(C)(2)(b) does not specify a location to which the certified mailing must be sent, providing instead that delivery must be restricted to the addressee. While § 2004(C)(2)(c) defines who may accept service by mail for an individual *if* the mailing is sent to her "dwelling house or usual place of abode," it does not limit the place of service by mail to that location.

But our inquiry does not end with our determination that Ms. Hukill's attempted service on defendants failed to comply fully with the Oklahoma statutory requirements. Although defendants argued in the district court that valid service must *strictly* comply with § 2004, the parties agree on appeal that Oklahoma applies the rule of *substantial compliance*. They further agree that the Oklahoma Supreme court definitively adopted this rule in *Graff v. Kelly*, 814 P.2d 489, 495 (Okla. 1991) ("We conclude and so hold that the Oklahoma Pleading

-9-

Code requires substantial compliance in order for the trial court to have jurisdiction over the person of the defendant."). Nor have we found any Oklahoma Supreme Court case after *Graff* explicitly applying a strict compliance rule. But the parties differ as to how the substantial compliance rule would be applied in this case by the Oklahoma Supreme Court.

In holding that Ms. Hukill substantially complied with the service-by-mail requirements in § 2004(C)(2), the district court relied on the following language in *Shamblin v. Beasley*, 967 P.2d 1200, 1209 (Okla. 1998):

> Service is not subject to invalidation for *any departure* from the mode prescribed by statute. When it is alleged that there was want of strict compliance with statutory requirements for service, the court must in every case determine whether the found departure offends the standards of due process and thus may be deemed to have deprived a party of its fundamental right to notice.

Applying this test, the district court concluded that the post office's failure to enforce the restricted delivery on Ms. Hukill's certified mailing to Ms. Musgrove was an insubstantial departure from the statutory requirements, in light of defendants' actual knowledge of the lawsuit.[6] In support of the substantial sufficiency of her service, plaintiff also relies on the Oklahoma Supreme Court's

---

[6] The district court concluded "that plaintiff's failure to check the restricted delivery box on the return receipt addressed to Spirits of Hope is inconsequential, because the combined service on Musgrove substantially complied with [the] Oklahoma statute." Aplt. App. at 103.

-10-

statement in *Vance v. Federal National Mortgage Ass'n*, 988 P.2d 1275

(Okla. 1999), that

> [i]t is not every variance in the service of process which will
> invalidate it. Rather to impugn the efficacy of service which is valid
> on the face of the pertinent judgment roll a *challenger must prove*
> that the departure offends articulated standards of due process and
> hence deprives it of a fundamental right to notice. . . . In *Shamblin v.*
> *Beasley* the Court adopted a *totality-of-circumstances* test to assay
> the probability that service actually imparts the degree of notice
> which is constitutionally prescribed. The adopted test requires that
> under *all the circumstances present in a case* there be a *reasonable*
> *probability* the service of process employed apprizes its recipient of
> the plaintiff's pressed demands and the result attendant to default.

*Id.* at 1279-80 (footnote omitted).

Defendants, on the other hand, rely on *Graff* for their contention that

Ms. Hukill's efforts at service did not substantially comply with the requirements

for service by mail under § 2004(C)(2). In *Graff*, the plaintiff attempted to serve

the defendant, an individual, by personal delivery. 814 P.2d at 491. Section

2004(C)(1)(c)(1) provides that service upon an individual may be made

> by delivering a copy of the summons and of the petition personally or
> by leaving copies thereof at the person's dwelling house or usual
> place of abode with some person then residing therein who is fifteen
> (15) years of age or older or by delivering a copy of the summons
> and of the petition to an agent authorized by appointment or by law
> to receive service of process.

But, rather than delivering the summons directly to the defendant, the process

server left it with a receptionist at his business address. 814 P.2d at 491. In his

motion to set aside a default judgment, the defendant argued that service on his

receptionist was not a proper substitute service under § 2004. *Id.* at 491-92. The plaintiff countered that service was proper because the receptionist was defendant's agent, or because the defendant had received actual notice of the lawsuit. *Id.* at 492.

The Oklahoma Supreme Court applied a three-part test to determine whether the service was sufficient: "(1) Is there a statute authorizing the method of service employed?; (2) Have the requirements of the statute been observed?; and (3) Have fundamental due process requirements been met?" *Id.* at 493 (quotation omitted). It answered the first question affirmatively, noting that § 2004(C)(1)(c)(1) provides for service of process on an agent appointed by the individual or by law. *Id.* But it concluded that the requirements of that section were not met because the receptionist was not an agent authorized by the defendant or by law to accept service. *Id.* at 494-95. "This result [made] addressing the third . . . question, concerning whether fundamental due process requirements have been met, unnecessary." *Id.* at 496. Thus, applying the substantial compliance rule, *see id.* at 495, and despite the defendant's failure to deny that he had received actual notice, *see id.* at 492, the Oklahoma Supreme Court nonetheless held in *Graff* that service was invalid based upon the statutory requirements for service by personal delivery, where the process server served "an employee, not the defendant, at that defendant's place of employment," *id.* at 490.

In this case the district court acknowledged that *Graff* "explicitly replaced strict compliance with the substantial compliance doctrine," Aplt. App. at 102, but distinguished its facts and holding as applying solely to service by personal delivery and not to service by mail. The court instead applied the very broad language regarding substantial compliance in *Shamblin*, which was decided after *Graff*, to hold that acceptance of service by mail by someone allegedly unauthorized was nonetheless substantial compliance in light of the defendants' failure to deny that they had received actual notice of the lawsuit. But, after *Shamblin*, the Oklahoma Supreme Court applied its holding in *Graff* to service by mail in *Ferguson Enterprises, Inc. v. H. Webb Enterprises, Inc.*, 13 P.3d 480 (Okla. 2000).

In *Ferguson Enterprises*, the plaintiff sent a summons by certified mail to a defendant corporation's principal place of business out of state,[7] but the return receipt was marked "Refused." *Id.* at 481 (quotation omitted). The defendant became aware of the lawsuit upon receiving discovery requests from the plaintiff, but apparently did not file an answer. *See id.* In moving to set aside the default judgment, the defendant contended that the service was invalid because it was refused by someone in the defendant's office who was not authorized to accept or

---

[7]     Section 2004(E)(2)(c) provides that service may be made outside of Oklahoma "in the manner prescribed by [§ 2004(C)(2)]," which governs service by mail. There is no indication in *Ferguson Enterprises* whether the certified mailing was sent with restricted delivery.

refuse service. *See id.* at 481, 482 n.3. The Oklahoma Supreme Court rejected the Court of Civil Appeals' conclusion that the plaintiff substantially complied with the service statute, *see id.* at 482, and citing *Graff*, held that "[h]ere there was no service shown as service was refused by an allegedly unauthorized person," *id.* at 483-84.

*Ferguson Enterprises* is the most recent statement of state law by the state's highest court. Under the holdings in *Graff* and its progeny, *Ferguson Enterprises*, we are constrained to conclude that the Oklahoma Supreme Court would hold that a plaintiff fails to substantially comply with a service statute specifying who is authorized to accept or refuse service on behalf of the defendant, when service is accepted or refused by an unauthorized person.

Moreover, despite the apparent inconsistency between *Graff* and *Ferguson Enterprises* on the one hand, and *Shamblin* and *Vance* on the other, we conclude that the latter cases appear to be distinguishable from the facts of and issues raised in this case. While *Shamblin* and *Vance* set forth in very broad terms an approach to be taken when a plaintiff fails to strictly comply with a service statute, in both of these cases the court was concerned with whether, despite technical compliance with the applicable statutory requirements, the service was nonetheless insufficient to satisfy fundamental due process requirements.

*Shamblin* involved the sufficiency of notice of a tax resale by a county to the owners of the property, a married couple, and to the mortgagee. 967 P.2d at

-14-

1203-04. The applicable statute for service by mail required only "notice by certified mail, by mailing to the owner of said real estate . . . and to all mortgagees of record of said real estate a notice stating the time and place of said resale and showing the legal description of the real property to be sold." *Id.* at 1204 n.4 (alterations omitted). The court considered whether service by mail upon the wife by delivery to her husband was insufficient to satisfy due process. *Id.* at 1203. The Oklahoma Supreme Court did not disagree with the trial court's conclusion that the county complied with the statutory requirements, which did not include restricted delivery to the wife or a return receipt. *See id.* at 1204-05. But the court proceeded to analyze whether the husband's acceptance of service for his wife was nevertheless constitutionally infirm, *see id.* at 1208-11, concluding that "the service on the wife through her husband does not fall here below the minimum standards of process that [were] her due." *Id.* at 1211. Likewise, as required by the statute, service was sent by certified mail to the mortgagee of the property, but the lender contended that the service failed to satisfy due process because an unauthorized person accepted the mailing. *Id.* at 1206. As to the lender, the court concluded that fact issues in dispute precluded summary judgment. *Id.* at 1213.[8]

---

[8] The only notice in *Shamblin* that failed to comply with the applicable statutory requirements was the separate publication notice, which was alleged not to identify the location of the resale, among other irregularities. *See id.* at 1211-12. But the court's conclusion that the irregularities did not affect the

(continued...)

In its constitutional analysis, *Shamblin* cited with approval another case in which a notice by mail technically complied with the applicable statute, but was held to be insufficient to satisfy due process. *See* 967 P.2d at 1209 n.30, 1212 n.45 (citing *Luster v. Bank of Chelsea*, 730 P.2d 506, 509-10 (Okla. 1986) ("Although [plaintiffs] argue the trial court correctly found that all matters pertaining to the tax certificates and the sale at the tax resale were in compliance with the statutes, this is not determinative of this appeal.")).

In *Vance*, the Oklahoma Supreme Court again considered whether service which satisfied the statutory requirements was constitutionally infirm. In that case, service in a foreclosure action was personally delivered to one of the defendants, but she claimed it was invalid because her mental disability prevented her from recognizing she had been sued. 988 P.2d at 1277. The court declined to affirm the lower court's grant of summary judgment on the constitutionality of the service because of disputed facts concerning the defendant's mental incapacity. *Id.* at 1281.

In this case, as in *Graff* and *Ferguson Enterprises*, defendants did not raise a constitutional claim that service was invalid despite technical compliance with the applicable statute. They argued that service was invalid because it did not

[8](...continued)
constitutional efficacy of the publication notice is not pertinent to the issue raised in this case, whether service by mail that is accepted by an unauthorized person is valid service under § 2004(C)(2).

satisfy the statutory requirements. In fact, after determining that the plaintiff failed to substantially comply with the statute, the Oklahoma Supreme Court did not reach the question of fundamental due process in *Graff*. *See* 814 P.2d at 496.

The other cases relied upon by the district court in finding substantial compliance are also distinguishable from this case. In *Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 943 (10th Cir. 1987), and *Coulsen v. Owens*, 125 P.3d 1233, 1237 (Okla. Civ. App. 2005), the defendants argued that service was invalid because the certified mailings did not specify restricted delivery. But in both cases, despite that irregularity, either the defendant himself or another person authorized under § 2004(C)(2)(c) accepted or refused the service by mail. *See Nikwei*, 822 F.2d at 943-44 (affirming trial court's determination that service at residence was refused either by defendant or by his wife); *Coulsen*, 125 P.3d at 1235 (noting process was served on the defendant who forwarded it to his insurance company). Thus, these cases stand for a proposition not at issue in the present case: when service is delivered to or refused by the addressee, or by an authorized person, the failure to specify restricted delivery does not prevent substantial compliance with the statute.

In contrast, it is undisputed here that Ms. Hukill failed to obtain restricted delivery to Ms. Musgrove. Nor did she obtain delivery to "a person who is fifteen (15) years of age or older who resides at [Ms. Musgrove's] dwelling house or usual place of abode," or to an "officer or [an] employee of the registered office

-17-

or principal place of business [of Spirits of Hope] who is authorized to or who regularly receives certified mail." § 2004(C)(2)(c). Thus, because Ms. Hukill's attempted service by mail was accepted by an unauthorized person, it did not substantially comply with the statute and was invalid. *See Ferguson Enter.*, 13 P.3d at 484; *Graff*, 814 P.2d at 490. Moreover, although we concur with the district court's conclusion that defendants had actual notice of the lawsuit in this case, the holdings in *Graff* and *Ferguson Enterprises* preclude us from finding, based upon that conclusion, that Ms. Hukill substantially complied with the requirements for service by mail under § 2004(C)(2). *See* 13 P.3d at 482, 484; 814 P.2d at 492.

## *Conclusion*

Because the service in this case, attempted under Oklahoma law, did not substantially comply with the law of that state, the district court did not have personal jurisdiction over Ms. Musgrove and Spirits of Hope. Therefore, the district court erred in denying defendants' motion to set aside the default judgment under Fed. R. Civ. P. 60(b)(4). We REVERSE the district court's judgment and REMAND with directions to vacate the default judgment entered against these defendants.