**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD P. MEYERS,

　　　　　Plaintiff-Appellant,

v.

PFIZER, INC.; IAN READ, CEO,

　　　　　Defendants-Appellees.

No. 14-1222
(D.C. No. 1:13-CV-01508-WJM-CBS)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

Mr. Donald Meyers unsuccessfully sued Pfizer Inc.[1]  During the litigation in

federal district court, Mr. Meyers tried to serve Pfizer, but admits that he "did not

---

[*]　　　　Mr. Meyers states that he does not know if oral argument would be helpful, and Pfizer asks us to decide on the briefs.  Pl.'s Opening Br. at 4 (July 2, 2014); Defs.' Resp. Br. at cover page (Aug. 8, 2014).  We decline to conduct oral argument because it would not provide material assistance in deciding the appeal. *See* Fed. R. App. P. 34(a)(2)(C).

　　　　　This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  But the order and judgment can be cited for its persuasive value under Federal Rule of Appellate Procedure 32.1(a) and Tenth Circuit Rule 32.1(A).

[1]　　　　Mr. Meyers also sued Pfizer's chief executive officer, but the present appeal relates only to the claims against Pfizer.

accomplish service in the prescribed manner." Pl.'s Reply Br. at 2 (Aug. 20, 2014). Though the service was admittedly not as "prescribed," Mr. Meyers asked the district court to enter a default judgment. The court declined based on the absence of valid service, and Mr. Meyers appeals. We affirm.

## I. Standing

After denying the motion for a default judgment, the district court dismissed the action, reasoning in part that Mr. Meyers had not alleged an injury in fact to himself. R. at 101, 111-12.[2] Pfizer argues that we should affirm based on the absence of standing. We disagree.

For standing, Mr. Meyers had to allege facts involving his own injury in fact. *See Nat'l Council for Improved Health v. Shalala*, 122 F.3d 878, 883 (10th Cir. 1997). He did. According to Mr. Meyers, Pfizer was negligent by producing a drug (Lipitor) without adequate warnings. The district court relied on the fact that the person taking the drug was Mr. Meyers's wife and she was not the plaintiff. But, Mr. Meyers also alleged in the complaint that:

- he had to constantly stay home to care for his wife,

- he could not work outside the home, and

- he lost income.

---

[2]     The record on appeal is abbreviated in this order and judgment as "R."

2

R. at 10, 13. These effects constitute an injury in fact. *See Horstkoetter v. Dep't of Pub. Safety*, 159 F.3d 1265, 1279 (10th Cir. 1998) (holding that wives had incurred injuries in fact when the wrongdoing was directed to husbands because the "husbands were faced with a loss of income which would have affected the entire family").

Pfizer argues that state law would not allow recovery by Mr. Meyers. Defs.' Resp. Br. at 25-26 (Aug. 8, 2014). But, when we address standing, we must assume that the claim is legally valid. *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1092 (10th Cir. 2006) (en banc). Otherwise, "every losing claim would be dismissed for want of standing." *Id.*

Accordingly, Mr. Meyers has standing based on allegations in the complaint.

## II. Denial of the Motion for a Default Judgment

Because Mr. Meyers has adequately alleged standing, we must decide whether the district court erred in denying the motion for a default judgment. Our review is limited, for we consider only whether the district court abused its discretion. *See Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010) ("We review for an abuse of discretion the district court's denial of a motion for default judgment."). We conclude that the court did not abuse its discretion.

Entry of a default judgment involves a two-step process. *See* Fed. R. Civ. P. 55(a)-(b). The first step involves the court clerk's decision whether to enter a

default. Fed. R. Civ. P. 55(a). If the defendant fails to timely respond to the complaint, the plaintiff can request entry of a default by the court clerk. *Id.* If the clerk enters a default, the plaintiff can ask the court to grant a default judgment.[3] Fed. R. Civ. P. 55(b)(2).

Mr. Meyers tried to comply with the first step, but failed.

At that step, entry of a default required proof "by affidavit or otherwise" that the defendant had failed to respond to the complaint or otherwise defend. Fed. R. Civ. P. 55(a).

Mr. Meyers did not ask the clerk to enter a default. Instead, he moved for a default judgment. Mot. to Enter a "Judgment by Default" Against Pfizer Inc. (Oct. 4, 2013) (Doc. 23).[4] Though Mr. Meyers did not file an affidavit, he certified that he had mailed the complaint and summons to Pfizer and Skadden, Arps, Slate, Meagher & Flom LLP. Certificate of Mailing (Sept. 9, 2013) (Doc. 16).[5]

---

[3] The court clerk, rather than the court itself, can enter a default judgment if the amount involves a "sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). The present action does not involve a figure that can be readily computed.

[4] This document does not appear in the record on appeal. The omission is presumably inadvertent. But Mr. Meyers is not at fault for the omission, and the Court will take judicial notice of his motion. *See Guttman v. Khalsa*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012).

[5] The certificate of mailing does not appear in the record on appeal, but again the omission appears inadvertent. The Court will take judicial notice of the certificate of mailing. *See Guttman v. Khalsa*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012).

The Court Clerk declined to enter a default, reasoning that Mr. Meyers had failed to file the required affidavit or declaration, proof of service, or statement that Pfizer had failed to file a responsive pleading in the time allotted. R. at 32.

The Clerk was correct to decline entry of a default because Mr. Meyers's certificate of mailing shows that the service was defective. Elsewhere Mr. Meyers argued that he had served Pfizer based on Federal Rule of Civil Procedure 4(h)(1)(B). Though this rule allows service on corporations by mailing, it also requires delivery to a corporate agent authorized to receive service. Fed. R. Civ. P. 4(h)(1)(B). Mr. Meyers did not comply with this requirement. And as noted above, he acknowledges that service was defective.

Though the service was admittedly defective, Mr. Meyers contends that Pfizer had "actual notice," pointing to a telephone call from defense counsel requesting an extension of time. This contention fails, as a matter of law, because a default judgment cannot be based on actual notice when service is defective. *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 802 (10th Cir. 2008).[6]

The entry of a default was necessary for the court to grant a default judgment. *See* 10 *Moore's Federal Practice* §55.10[1], at 55-14 (Matthew Bender

---

[6] By the time the attorney called, Mr. Meyers had already amended the complaint two times. R. at 20-22, 28-29. Nonetheless, we assume for purposes of argument that Mr. Meyers mailed Pfizer and the law firm the appropriate version of the complaint.

5

3d ed. 2014).  Because the Court Clerk correctly declined to enter a default, the district court could not grant the proposed default judgment.  As a result, the court acted within its discretion in denying the motion for a default judgment.  We affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge