UNITED STATES COURT OF APPEALS

July 21, 2011

FOR THE TENTH CIRCUIT

ALEX HUAQIANG LEO,

      Plaintiff-Appellant,

v.

GARMIN INTERNATIONAL, INC.,

      Defendant-Appellee.

No. 10-3146
(D.C. No. 2:09-CV-02139-KHV)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, **BRORBY**, Senior Circuit Judge.

This is an appeal by Alex Huaqiang Leo, who appears pro se as he did in

the district court, from two orders that ended his litigation against Garmin

International, Inc. (Garmin) for alleged discrimination in its failure to hire him as

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a software engineer.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm for substantially the same reasons relied on by the court.

The relevant facts are straightforward.  We view them in the light most

favorable to Mr. Leo.  In January 2008, Mr. Leo e-mailed his resume to Garmin

in response to the company's search for software engineers.  According to

Mr. Leo, he spoke on the telephone with an in-house recruiter in April 2008.

Garmin maintains that the telephone call took place in late February.  What is

undisputed is that the in-house recruiter said that he had a hard time

understanding Mr. Leo, and more to the point, Mr. Leo did not possess the

necessary skills and qualifications for the position.

In June 2008, Garmin heard from the Equal Employment Opportunity

Commission (EEOC) concerning a charge of age discrimination filed by Mr. Leo

that same month in connection with Garmin's failure to hire him as a software

engineer.  Mr. Leo explained his charge as follows:

> I applied for the position of Embedded Software Engineer in
> February, 2008.  On April 15, 2008, I was contacted by [the

---

[1]     In his opening brief, Mr. Leo notes his disagreement with the district
court's April 7, 2010 order sanctioning him for deposition misconduct.  He also
mentions his disagreement with some of the many discovery orders entered by the
court.  Although Mr. Leo disagrees with these orders, he has failed to provide any
legal authority to demonstrate that they were wrong.  As such, he has forfeited his
right to any review of those orders. *See Garrett v. Selby Connor Maddux &
Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (holding that although a pro se
litigant's pleadings are construed liberally, a pro se litigant must still follow the
same rules that govern other litigants, including the requirement of constructing
and supporting arguments with legal authority).

recruiter] regarding my previous application.  I had originally applied for a position in about July, 2007.  I confirmed that I had previously applied.

I am qualified for the position based on my education and prior job experience.  However, I was not selected for the position.

I believe that the company hires about 10 younger persons per month in this position.

I believe that I have been discriminated against because of my age (46) in violation of the ADEA.

R. Vol. 1 at 29.

In December 2008, after investigating the charge and finding no violation of law, the EEOC closed its file and issued a right to sue letter to Mr. Leo.  In March 2009, Mr. Leo filed suit against Garmin.  His complaint contained not only a claim for disparate treatment under the Age Discrimination in Employment Act of 1967 (ADEA), which was the subject of his charge he filed with the EEOC, but also contained claims for disparate impact under the ADEA, along with a claim under Title VII of the Civil Rights Act of 1964 alleging that Garmin refused to hire him because he is Chinese.

Garmin filed a motion to dismiss the disparate impact and Title VII claims on the ground that Mr. Leo failed to exhaust his administrative remedies.  On June 9, 2009, after Garmin filed its motion to dismiss, Mr. Leo filed a second charge of discrimination with the EEOC in which he claimed discrimination on account of his race and national origin.

We agree with the district court's reasoning and conclusion in its September 24, 2009 memorandum and order granting Garmin's motion to dismiss Mr. Leo's disparate impact and Title VII claims and denying his motion to amend his complaint. Mr. Leo's charge filed with the EEOC in June 2008 never mentioned or laid out the factual predicate for claims of disparate impact or discrimination under Title VII. As such, the court lacked jurisdiction to entertain those claims. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (holding that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the ADEA and Title VII).

Further, we agree with the district court's denial of Mr. Leo's motion to amend his complaint. In the proposed amendment Mr. Leo sought to add claims that were not claims at all, or to restate his claims for disparate impact and a violation of Title VII, which the court determined were unexhausted. In particular, Mr. Leo argued that he exhausted his Title VII remedies when he filed a second charge with the EEOC on June 9, 2009, which stated:

> I became aware that a reason that I was not selected for the position is because [the recruiter] had difficulty understanding me which I believe was because I have different linguistic characteristics common to Chinese groups.
>
> I believe that I have been discriminated against because of my race (Asian) and national origin (Chinese) in violation of Title VII.

R. Vol. 1 at 182.

The district court was correct in its determination that on its face, the proposed amendment to allow a Title VII claim was futile because Mr. Leo's second charge was filed in June 2009, and thus untimely under 42 U.S.C. § 2000e-5(e), which requires Mr. Leo to an administrative charge within 300 days after the alleged discriminatory act. However, the court's analysis did not end there. It considered Mr. Leo's argument that the 300-day deadline is subject to equitable tolling in cases of active deception, *see, e.g., Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994) (recognizing that equitable tolling under the ADEA "is appropriate only where the circumstances of the case rise to the level of active deception . . . where a plaintiff has been lulled into inaction by [his] past employer, state or federal agencies, or the courts") (quotation marks omitted), but found no such evidence in Mr. Leo's case. We agree with the court's conclusion.

We turn now to the district court's May 21, 2010 memorandum and order in which it granted Garmin's motion for summary judgment on Mr. Leo's discriminatory treatment claim under the ADEA. Citing *Garrison v. Gambro, Inc.*, 428 F.3d 933, 937 (10th Cir. 2005), the court recognized that to establish a prima facie case of disparate treatment in the context of failure to hire, Mr. Leo was required to show, among other things, that he was qualified for the job of software engineer. Unsurprisingly, Garmin vigorously argued that Mr. Leo failed to demonstrate that he possessed the communication skills and the experience and/or training required for the job. Just as unsurprisingly, Mr. Leo argued to the

contrary. The court concluded, and we agree, that Mr. Leo failed to establish this element of a prima facie case.

But this case does not turn on Mr. Leo's failure to prove a prima facie case because the district court assumed that even if he had done so, Garmin set out a legitimate nondiscriminatory reason for not hiring Mr. Leo, i.e. he was not qualified, and Mr. Leo failed to "present evidence that that proffered reason was pretextual, i.e. unworthy of belief." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998) (quotation marks omitted). As the court noted, it is not enough that Mr. Leo says he was qualified for the job; instead, the employer is entitled to define the qualifications for a job as long as the qualifications are not discriminatory. *See Garrison*, 428 F.3d at 938 (recognizing that the courts should not second guess the business decisions of employers in the absence of evidence of discriminatory motives).

The judgment of the district court is AFFIRMED. We DENY Mr. Leo's "Motion to Submit Exhibits" and "Appellant's Motion to Remand the Cause to the District Court with Directions to Vacate Judgment for Lack of Jurisdiction." And because there is no merit whatsoever to his complaint of attorney misconduct against Garmin's lawyers, we do not refer the matter for further inquiry.

Entered for the Court


Wade Brorby
Senior Circuit Judge

-6-