FILED
United States Court of Appeals
Tenth Circuit

February 28, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

———————————————

ALEX HUAQIANG LEO,

Plaintiff-Appellant,

v.

GARMIN INTERNATIONAL, INC.,

Defendant-Appellee.

No. 11-3213
(D.C. No. 2:09-CV-02139-KHV)
(D. Kan.)

———————————————

ORDER AND JUDGMENT[*]

———————————————

Before **O'BRIEN** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

———————————————

Alex Huaqiang Leo, pro se, appeals from the district court's order that

denied his motion under Fed. R. Civ. P. 60(b) to vacate the court's previous

judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the procedural history of this case. When

Garmin International, Inc. (Garmin) decided not to hire Mr. Leo as a software

———————————————

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

engineer in 2008, he filed suit in which he claimed discrimination on the grounds of age and national origin. That suit was disposed of by the district court's orders granting Garmin's motion to dismiss and its later-filed motion for summary judgment. Mr. Leo appealed those orders to this court. (Case no. 11-3146).

Nearly ten months after filing his appeal, on April 18, 2011, Mr. Leo filed a Rule 60(b) motion in the district court in which he asked the court to vacate its judgment. That same day, Mr. Leo filed essentially the same document in Case no. 11-3146 in this court.

The district court denied Mr. Leo's Rule 60(b) motion on June 21, 2011. On June 24, Mr. Leo filed a motion for reconsideration. He filed his notice of appeal from the court's denial of his Rule 60(b) motion, which is this appeal, on July 21. In the meantime, on July 22, this court issued an order and judgment in Case no. 11-3146, which affirmed the district court's orders and summarily denied Mr. Leo's motion asking that we direct the district court to vacate its judgment. *Leo v. Garmin Int'l, Inc.*, 431 F. App'x 702, 705 (10th Cir. 2011) (*Leo I*).[1]

---

[1]     The pleading Mr. Leo filed with this court on April 18, 2011, was titled "Appellant's Memorandum in Support of Motion for Relief From the Judgment and Orders Because the Court Lacks Jurisdiction Over the Subject Matter." This was, for all intents and purposes, the same memorandum Mr. Leo filed on April 18 in the district court in conjunction with his Rule 60(b) motion. Apparently Mr. Leo forgot to file a motion to accompany the memorandum filed in this court until May 12, when he filed "Appellant's Motion to Remand the Cause to the

(continued...)

On July 25, 2011, this court entered an order abating this appeal pending notification that the district court had entered an order disposing of Mr. Leo's motion for reconsideration. The district court entered an order that denied the motion for reconsideration on July 25, and this court lifted the abatement order on July 27. Mr. Leo pressed forward with his appeal.

Garmin argues that Mr. "Leo's Rule 60(b) [motion] to the District Court (which is the subject of this appeal) is materially indistinguishable," Aplee. Br. at 16, from "Appellant's Motion to Remand the Cause to the District Court With Directions to Vacate Judgment for Lack of Jurisdiction," which he filed in the prior appeal. According to Garmin, our denial of that motion is the law of the case and bars Mr. Leo's appeal. We disagree. Our disposition of Mr. Leo's motion in the prior appeal was a summary order and did not establish any rule of law. *See Copart, Inc. v. Admin. Review Bd.,* 495 F.3d 1197, 1201 (10th Cir. 2007) (explaining that the law of the case doctrine applies where, among other things, a court has decided a rule of law; not where an order does not explicitly decide an issue). Our decision in the prior appeal to deny the motion was a general one and did not necessarily decide that the district court correctly denied Mr. Leo's Rule 60(b) motion. *Leo,* 431 F. App'x at 705

---

[1](...continued)
District Court With Directions to Vacate Judgment for Lack of Jurisdiction."
That is the motion this court summarily denied in *Leo v. Garmin International, Inc.*, 431 F. App'x 702, 705 (10th Cir. 2011).

("We DENY . . . 'Appellant's Motion to Remand the Cause to the District Court With Directions to Vacate Judgment for Lack of Jurisdiction.'").  Accordingly, we turn to the merits of Mr. Leo's appeal and address whether the district court properly denied his Rule 60(b) motion.

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances."  *Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation marks omitted).  Generally, the abuse-of-discretion standard applies to the review of a district court's decision to deny a Rule 60(b) motion; however, a de novo standard of review applies where a party moves for relief on the ground that the judgment is void under Rule 60(b)(4).  *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 796-97 (10th Cir. 2008).  In its June 21, 2011 order, the district court carefully examined the factual background of the case against each of the grounds for relief cited by Mr. Leo and concluded that the motion should be denied.  We affirm for substantially the same reasons articulated by the district court.

Mr. Leo cited Rule 60(b)(1), which provides that the district court may grant relief from a judgment on the grounds of mistake.  But as the court pointed out, "the 'mistake' which [Mr. Leo] claims – that he has only recently realized that he sought a different position than what he alleged in his complaint – is not the type of mistake contemplated by Rule 60(b)(1)," R. Vol. 17 at 4, citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (holding that

-4-

Rule 60(b)(1) relied is available "only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.").

Mr. Leo next argued that he was entitled to relief under Rule 60(b)(2) on the ground of newly discovered evidence. The district court explained that Mr. Leo's "'newly discovered' evidence . . . [a 2007 advertisement in the Kansas City Star] is completely irrelevant because he did not respond to the 2007 advertisement when he applied for a position at Garmin. Rather, he responded to a blind email from [a recruiter] relating to software engineering opportunities at Garmin." R. Vol. 17 at 5. Because the "newly discovered" evidence was immaterial, the district court correctly determined that Mr. Leo was not entitled to relief under Rule 60(b)(2). *See Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (holding that to be entitled to relief under Rule 60(b)(2), the moving party must show, among other things, that "the newly discovered evidence is material") (brackets omitted).

Last, Mr. Leo argued under Rule 60(b)(4), that the judgment was void because the district court lacked subject-matter jurisdiction over his age and national origin discrimination claims. This argument obviously lacks merit. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States.").

The judgment of the district court is AFFIRMED. We DENY the following motions filed by Mr. Leo: "Appellant's Motion or Petition to Appeal Order [290] From the Captioned District Court"; "Appellant's Motion (1) to Issue an Order to Show Cause Why Discipline Should Not be Imposed by This Court on Appellee's Attorney"; "Appellant's Motion (2) to Issue an Order to Show Cause Why Discipline Should Not be Imposed by This Court on Appellee's Attorney"; "Appellant's Motion (3) to Issue an Order to Show Cause Why Discipline Should Not be Imposed by This Court on Appellee's Attorney in fabricating of Rejection Document"; "Appellant's Motion (4) to Issue an Order to Show Cause Why Discipline Should Not be Imposed by This Court on Appellee's Attorney in Misrepresentation"; and "Appellant's Motion (5) to Issue an Order to Show Cause Why Discipline Should Not be Imposed by This Court on Appellee's Attorney in misrepresentation of the scope of the 2008 EEOC Charge." We GRANT Mr. Leo's motion to supplement the record with pleadings numbers 270, 271, 272, 273 and 275. We DENY Garmin's motion for sanctions. We are cognizant of Mr. Leo's tactics and the time spent by Garmin in responding to his filings. And while it is true that Mr. Leo's briefs and motions contain irrelevant and

redundant arguments, we cannot say that his pro-se arguments concerning the district court's denial of his Rule 60(b) motion are frivolous.

Entered for the Court


Wade Brorby
Senior Circuit Judge