FILED
United States Court of Appeals
Tenth Circuit

February 28, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| ALEX HUAQIANG LEO, | |
| Plaintiff-Appellant, | |
| v. | Nos. 11-3109 & 11-3145 (D.C. No. 2:10-CV-02495-JTM-DJW) (D. Kan.) |
| GARMIN INTERNATIONAL, INC., | |
| Defendant-Appellee. | |

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Alex Huaqiang Leo, pro se, appeals from the district court's order that dismissed his complaint against Garmin International, Inc. (Garmin) as barred by the doctrine of res judicata; denied his motion for default judgment; and sanctioned Mr. Leo for his vexatious, wanton and oppressive abuse of the judicial process. (Case no. 11-3109). Mr. Leo also appeals from the district court's

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

subsequent orders denying several post-trial motions, including his motion seeking leave to file a motion under Fed. R. Civ. P. Rule 60(b) (Case no. 11-3145).  The appeals have been consolidated.  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The parties are aware of the facts and procedural history of their dispute, which has been fully set forth in numerous district court memoranda and orders.  What Garmin aptly describes as Mr. Leo's "litigation odyssey," Aplee. Br. at 9, is coming to an end.  When Garmin decided not to hire Mr. Leo as a software engineer in 2008, he launched his first suit in the United States District Court for the District of Kansas in which he claimed discrimination on the grounds of age and national origin.  (09-CV-2139-KHV).  That suit was disposed of by orders granting Garmin's motion to dismiss and its later-filed motion for summary judgment.  This court affirmed those orders in *Leo v. Garmin International, Inc.*, 431 F. App'x 702 (10th Cir. 2011).

During the course of the *Leo* appeal, Mr. Leo sought this court's permission to file a 70,000 word opening brief, which request was denied.  Mr. Leo renewed his request in a motion seeking to file a 71,431 word document titled "Supporting Analysis and Detailed Evidence."  Once again, this court denied the request and found that the document was "nothing more than an attempt to work around" our first order that denied Mr. Leo's request to file a 70,000 word opening brief.  Order, No. 10-3146 (10th Cir. Oct. 4, 2010).

Just two weeks after this court's denial of his motions in *Leo*, Mr. Leo filed his second suit in the Kansas federal district court (No. 10-2495-JTM), in which he used the aforementioned 70,000 word opening brief/"Supporting Analysis" as his complaint. In a memorandum and order dated March 22, 2011, the district court concluded that Mr. Leo's second suit was barred by the doctrine of res judicata based on the earlier suit and granted Garmin's motion to dismiss. In the same order, the court denied Mr. Leo's motion for the entry of a default judgment against Garmin and granted Garmin's request for sanctions.

In a subsequent memorandum and order dated April 15, 2011, the district court awarded Garmin $8,718 in attorney fees and $126.20 in costs, and denied five post-judgment motions filed by Mr. Leo, including a motion for reconsideration of the district court's March 22, 2011 order. Mr. Leo then filed two motions: (1) a motion for reconsideration of the district court's April 15 order, which was itself a denial of his previous motion for reconsideration; and (2) a motion for reconsideration of the award of attorney fees. In an April 21, 2011 memorandum and order that denied Mr. Leo's motions, the district court cautioned that any further request for post-judgment reconsideration, alteration, or modification of the court's order could result in further monetary sanctions. Undeterred, Mr. Leo then filed a motion for leave to file a Rule 60(b) motion, which the court denied in a May 10, 2011 order.

In light of Mr. Leo's pro se status, we construe his filings liberally. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). But a liberal construction of his papers does nothing for Mr. Leo because his arguments are based upon a misconception of the law of res judicata and accusations that the district court judge is devoid of "reason" and has lost his "impartiality." Aplt. Reply Br. at 26. To the contrary, the district court's decision that the second suit was barred by res judicata is on solid legal footing. Mr. Leo responded to Garmin's motion to dismiss with the argument that his second suit was different because it concerned a 2007 online application, whereas his claims in his first suit concerned employment applications submitted in 2008. Mr. Leo's attempts to distinguish the 2007 and 2008 applications as separate transactions are unavailing for all the reasons set forth by the district court in its March 22, 2011 memorandum and order. *See Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2002) (holding that "all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes") (quotation marks omitted). More to the point, even if the 2007 online application and the 2008 applications were separate transactions, there is no reason why Mr. Leo's claims concerning his 2007 application could not have been asserted in his first action. *See id.* at 503-04 (holding that "[u]nder res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties . . . from relitigating

issues that were or *could have been raised* in the prior action") (quotation marks omitted).

Further, it does not matter that his first appeal had not been resolved at the time Mr. Leo filed his second suit because under the federal law of claim preclusion, the district court's order was final for res judicata purposes. *See Mactec, Inc. v. Gorelick*, 427 F.3d 821, 832 (10th Cir. 2005) (holding that "[t]he appealability of a judgment . . . does not hinder its preclusive effect"), citing 18A Charles Alan Wright et al., *Federal Practice and Procedure* § 4433, at 78-85 (2d ed. 2002) (noting the general rule that a final judgment from a lower court carries res judicata effect even though it is still subject to review by an appellate court).

As to the other district court orders that Mr. Leo purports to appeal, he does little more than reprise the unfounded theme that Garmin's lawyer is a fraud artist who fabricated evidence (an argument we rejected in *Leo,* 431 F. App'x at 705) and question the impartiality and abilities of the district court judge who ruled against him. Ad hominem attacks on counsel and the district court do not count as legal argument, and Mr. Leo's scant references to any legal issues fall short of his obligation to adequately frame and develop his arguments. *See Exum v. United States Olympic Comm.*, 389 F.3d 1130, 1133-34 n.4 (10th Cir. 2004) (holding that "[s]cattered statements in the appellant's brief[s] are not enough to preserve an issue for appeal"); *see also Garrett v. Selby Connor Maddux & Janer*,

425 F.3d 836, 840-41 (10th Cir. 2005) (holding that although a pro se litigant's pleadings are construed liberally, a pro se litigant must still follow the same rules that govern other litigants, including the requirement of constructing and supporting arguments with legal authority).  We nonetheless have examined each of the district court's orders and find no error.

The judgments of the district court are AFFIRMED.  We DENY "Appellant's Motion for the Appellate Court to Take Judicial Notice of the Undisputed Facts in Publicly-Filed Records [267] from District Court Case No. 2:09-CV-02139-KHV/" and "Appellant's Motion to Issue an Order to Show Cause Why Discipline Should Not be Imposed by This Court on Appellee's Attorney."  We also DENY "Appellant's Motion (1) to Remand for Judgment on the Pleadings," "Appellant's Motion (2) to Remand to Strike Motion [14]," and "Appellant's Motion (3) to Remand with Instructions to Disqualify the Presiding Judge."

Entered for the Court


Wade Brorby
Senior Circuit Judge