FILED
United States Court of Appeals
Tenth Circuit

February 28, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALEX HUAQIANG LEO,

        Plaintiff-Appellant,

v.

GARMIN INTERNATIONAL, INC.,

        Defendant-Appellee.

No. 11-3321
(D.C. No. 2:09-CV-02139-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

Alex Huaqiang Leo, pro se, appeals from the district court's order that denied his seven post-judgment orders to recognize material facts and imposed restrictions on his future filings. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This case has a lengthy procedural history. In 2009, Mr. Leo sued Garmin International, Inc. (Garmin) for age and national origin discrimination. The district court disposed of the case in favor of Garmin on motions to dismiss and for summary judgment. In the course of his appeal from those orders, Mr. Leo sought this court's permission to file a 70,000 word opening brief, which request was denied. Mr. Leo renewed his request in a motion seeking to file a 71,431 word document titled "Supporting Analysis and Detailed Evidence." Once again, this court denied the request and found that the document was "nothing more than an attempt to work around" our first order that denied Mr. Leo's request to file a 70,000 word opening brief. Order, No. 10-3146, at 2 (10th Cir. Oct. 4, 2010).

Just two weeks after this court denied his motions, Mr. Leo filed his second suit in the Kansas federal district court (No. 10-2495-JTM), in which he used the aforementioned 70,000 word opening brief/"Supporting Analysis" as his complaint. The district court concluded that Mr. Leo's second suit was barred by the doctrine of res judicata. The court also granted Garmin's request for sanctions, and denied several post-judgment motions filed by Mr. Leo. Mr. Leo appealed to this court. (Nos. 11-3109 & 11-3145).

While his appeals in both suits were pending in this court, in April 2011, Mr. Leo filed a Fed. R. Civ. P. 60(b) motion in this district court. Then in May, Mr. Leo filed twelve additional district court motions in which he sought relief from the court's order granting summary judgment to Garmin, which order was on

appeal to this court in No. 10-3146. The district court denied Mr. Leo's Rule 60(b) motion on June 21. Mr. Leo appealed. (No. 11-3213).

On July 21, 2011, this court announced its decision in No. 10-3146, *Leo v. Garmin International, Inc.*, 431 F. App'x 702, 705 (10th Cir. 2011) (*Leo I*), in which we affirmed the district court's orders granting Garmin's motion to dismiss and its later-filed motion for summary judgment. On July 26, the district court denied Mr. Leo's twelve newly filed motions and his motion to reconsider the denial of his Rule 60(b) motion. The order states in part: "**The Court cautions plaintiff that any further request to this Court for post-judgment reconsideration, alteration or modification of the Court's [May 21, 2010 order and judgment that granted summary judgment to Garmin] may result in monetary sanctions.**" Doc. 267 at 5 (bold typeface in original).

Beginning in late July 2011, and continuing through September, Mr. Leo filed seven motions in which he asked the district court to recognize hundreds of so-called facts concerning Garmin's motion for summary judgment. The motion for summary judgment had been granted by the district court and affirmed by this court in the prior appeal. He filed these motions in apparent contravention of the court's July 25 order that cautioned him that any further such filings could result in sanctions.

In an order dated September 26, 2011, the court denied all seven motions and imposed filing restrictions. With regard to the seven motions, the court found

that Mr. Leo's "motions to recognize material facts address the same arguments which the Court has repeatedly rejected. For reasons set forth in previous rulings, the Court therefore finds that the motions should be overruled." R. Vol. 2 at 411-12. As to the filing restrictions, the court considered the relevant factors and terminated Mr. Leo's electronic filing privileges. The court also directed the clerk to submit any conventionally filed motion, document, exhibit, or complaint to the judge to determine whether or not it might be filed. Last, the court warned Mr. Leo that "**if he seeks to file . . . any document which requests post-judgment reconsideration, alteration or modification of [the court's order or judgment concerning summary judgment], the Court will sanction [Mr. Leo] a minimum of $500.00 for each violation**." *Id*. at 414 (bold typeface in original). Mr. Leo purports to appeal this order.

Regardless of their titles, Mr. Leo's district court filings were transparent attempts to once again revisit issues resolved by the district court in its motion to dismiss and on summary judgment. And his briefs in this court raise the same issues we decided in *Leo,* 431 F. App'x 702-05. Because these issues have been resolved against Mr. Leo, his appeal is frivolous. *See Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (holding that "[a]n appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit") (internal quotation marks omitted). Under Fed. R. App. P. 38, this court can "award just damages, including attorney's fees . . . if [we] determine[] that

an appeal is frivolous." *Braley*, 832 F.2d at 1510. "[P]ro se litigants are subject to the same minimum litigation requirements that bind all litigants and counsel before all federal courts. We emphasize today that we will scrutinize equally all filings by both pro se and counseled litigants to protect against the abuses identified in . . . Rule 38." *Kyler v. Everson*, 442 F.3d 1251, 1253-54 (10th Cir. 2006). *See also Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003) (imposing sanctions under Rule 38 against a pro se litigant for, among other things, challenging matters that had already been concluded).

The judgment of the district court is AFFIRMED. Garmin's motion for sanctions is GRANTED and the case is remanded to the district court to determine reasonable appellate attorney's fees. We DENY Garmin's motion to dismiss the appeal. We DENY "Appellant's Motion (1) to Issue an Order to Show Cause Why Discipline Should Not be Imposed by This Court on Appellee's Attorney," "Appellant's Motion (2) to Issue an Order to Show Cause Why Discipline Should Not be Imposed by This Court on Appellee's Attorney," and "Appellant's Petition for En Banc Hearing."

Entered for the Court

Wade Brorby
Senior Circuit Judge