FILED
United States Court of Appeals
Tenth Circuit

September 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ALEX HUAQIANG LEO,

Plaintiff-Appellant,

v.

GARMIN INTERNATIONAL, INC.,

Defendant-Appellee.

No. 13-3114
(D.C. No. 2:09-CV-02139-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **ANDERSON**, Circuit Judge, and **BRORBY**, Senior Circuit Judge.

Alex Huaqiang Leo appeals from four orders of the district court. In one order, the court denied his postjudgment motion, and in another, the court denied his motion for an order to show cause regarding the taking of judicial notice. In the other two orders, the court directed its Clerk not to file Mr. Leo's notices of appeal

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

from the order denying his motion to show cause. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Leo twice sought positions as a software engineer with Garmin International, Inc. The first time was in June 2007, a position he refers to as "Software Engineer." He was not hired. The second time was in January or February 2008 for a position referred to as an "Embedded Software Engineer." When he was not hired for that job, he filed a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) (Mr. Leo was 46 years old at the time). The EEOC dismissed his charge and issued him a right to sue letter.

With that letter in hand (and attached to his complaint), Mr. Leo filed suit pro se, asserting two claims under the Age Discrimination in Employment Act of 1967 (ADEA) (disparate treatment and disparate impact) and a claim under Title VII of the Civil Rights Act of 1964 asserting that Garmin refused to hire him because he is Chinese. The district court dismissed the disparate impact and Title VII claims for failure to exhaust administrative remedies because he never presented them to the EEOC. The district court also granted summary judgment to Garmin on the disparate treatment claim because Mr. Leo could neither establish a prima facie case of discrimination nor show that Garmin's reasons for its employment decision were a pretext for age discrimination. We affirmed those rulings. *See Leo v. Garmin Int'l, Inc.*, 431 F. App'x 702, 704-05 (10th Cir. 2011).

Obviously dissatisfied, Mr. Leo continued to litigate his case with multiple and voluminous postjudgment motions, none of which were successful. He also filed two separate, equally unsuccessful actions. Eventually, in his original case, the district court terminated his electronic filing privileges and ordered him to seek permission before filing any additional motions in the case or file any new case that appears related to the issues in the present one. This court also terminated Mr. Leo's electronic filing privileges and determined that one of his appeals (from the denial of seven of his postjudgment motions in this case) was frivolous, warranting an award of attorney's fees to Garmin as a sanction. We remanded for the district court to determine the appropriate amount of attorney's fees. *See Leo v. Garmin Int'l, Inc.*, 464 F. App'x 744, 746 (10th Cir. 2012).

Despite all of these adverse decisions, Mr. Leo has continued on what Garmin once "aptly describe[d] as [his] litigation odyssey," *Leo v. Garmin Int'l, Inc.*, 464 F. App'x 737, 738 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 133 S. Ct. 484 (2012). He filed another Rule 60(b)(4) motion in his initial case against Garmin, the denial of which is part of this appeal. He asked the district court to take judicial notice of what he termed "adjudicative facts" and to determine that Garmin had fraudulently diverted the court into considering and ruling on Garmin's refusal to hire him for the 2007 Software Engineer position rather than the 2008 Embedded Software Engineer position. Based on those allegations, Mr. Leo argued that the district court lacked subject matter jurisdiction because he had not exhausted

his administrative remedies as to Garmin's refusal to hire him for the 2007 Software Engineer position. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1306, 1317 (10th Cir. 2005) (holding that administrative exhaustion is a jurisdictional prerequisite to an ADEA suit).[1]

In a terse, text-only docket entry, the district court denied that motion, stating that Mr. Leo had "presented no basis for the Court to vacate any prior orders in this case." ECF No. 330. The court also overruled (also in a text-only docket entry) Mr. Leo's motion for an order to show cause why the court had not taken judicial notice of the adjudicative facts he had presented. ECF No. 332. The court reminded him of its earlier ruling that he must seek permission before filing any new documents in the case and warned him that if he failed to abide by the court's order, it would impose a $500 sanction without further notice. *Id.*

Mr. Leo appealed from ECF No. 330. He also filed a notice of appeal from ECF No. 332. The district court ordered its Clerk of Court not to file that notice of appeal because Mr. Leo had not sought the court's permission to file it. ECF No. 340 (text-only docket entry). Mr. Leo filed a second notice of appeal from ECF No. 332,

---

[1] We note that Mr. Leo made a related argument in at least one previous postjudgment motion filed under Rule 60(b)(1)—that Garmin diverted the district court, mid-case, to rule on the 2007 Software Engineer position rather than the 2008 Embedded Software Engineer position. The district court denied that motion, and we affirmed that denial. *See Leo v. Garmin Int'l, Inc.*, 464 F. App'x 740, 742-43 (10th Cir.), *cert. denied*, 133 S. Ct. 178 (2012).

and the court once again ordered its Clerk not to file it due to its earlier order requiring him to seek the court's permission. ECF No. 343 (text-only docket entry).

Mr. Leo then filed a notice of appeal in this court, which we construed as an amended notice of appeal and ordered the district court to file it as such. We concluded that the scope of our appeal is limited to the orders (1) denying the Rule 60(b)(4) motion (ECF No. 330); (2) denying the motion for an order to show cause (ECF No. 332); and (3) the orders directing the clerk not to file Mr. Leo's notices of appeal (ECF Nos. 340 and 343). Garmin has elected not to participate in this appeal.

We review the district court's denial of Mr. Leo's Rule 60(b)(4) motion de novo. *See United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002). Because he is pro se, we afford his filings a liberal construction, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Regarding the denial of his Rule 60(b)(4) motion, Mr. Leo restates the argument he presented to the district court. That argument stretches the limits of credulity far beyond the breaking point. Our review of the record confirms that the parties litigated, and the court decided, whether Garmin violated the ADEA when it refused to hire Mr. Leo for the Embedded Software Engineer position he applied for in 2008, not the Software Engineer position he applied for in 2007. Although, as Mr. Leo points out, the word "Embedded" is omitted from the position title in various places in the record, there is no doubt that the subject of the litigation was Garmin's

refusal to hire him for the position he applied for in 2008, not its refusal to hire him for the position he applied for in 2007. The 2008 refusal was the subject of a charge of discrimination Mr. Leo filed with the EEOC and attached to his complaint; hence, that claim was exhausted. And federal district courts undoubtedly have Article III jurisdiction over ADEA claims. Thus, the district court properly exercised jurisdiction in this case, and we see no abuse of discretion in the district court's denial of Mr. Leo's Rule 60(b)(4) motion or its failure (in ECF No. 332) to provide a detailed, reasoned basis for refusing to take judicial notice of the purported adjudicative facts Mr. Leo presented to the court. We further conclude that Mr. Leo's appeal from the court's rulings in ECF Nos. 330 and 332 is frivolous, and we caution him that further frivolous appeals may result in appellate filing restrictions or sanctions.

Mr. Leo also complains that the district court violated his constitutional rights when it directed its Clerk of Court (in ECF Nos. 340 and 343) not to file his notices of appeal from ECF No. 332. We see no violation. Courts may restrict a litigant's filing rights without violating the Constitution when the litigant has a history of abusive filing practices. *Winslow v. Hunter*, 17 F.3d 314, 315 (10th Cir. 1994). The district court here imposed filing restrictions on Mr. Leo because of such practices, requiring him to seek permission to file any further documents in this case. He failed to comply with this requirement. Therefore, the district court did not violate his constitutional rights.

For the foregoing reasons, we affirm the district court's text-only rulings set out in ECF Nos. 330, 332, 340, and 343.

Entered for the Court

Mary Beck Briscoe
Chief Judge