FILED
United States Court of Appeals
Tenth Circuit

May 13, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALEX HUAQIANG LEO,

Plaintiff - Appellant,

v.

GARMIN INTERNATIONAL, INC.,

Defendant - Appellee.

No. 14-3010
(D. C. No. 2:09-CV-02139-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Alex Huaqiang Leo appeals pro se from the district court's order imposing sanctions and directing the clerk of the district court not to file Mr. Leo's "Request to Take Judicial Notice of the Law And/Or Adjudicative Facts" (the "Request"). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's order and deny Mr. Leo's motion to proceed *in forma pauperis* ("*ifp*").

---

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. **BACKGROUND**

Mr. Leo sued Garmin International, Inc. ("Garmin") pro se, alleging race and age discrimination for refusing to hire him. The district court granted summary judgment in favor of Garmin in 2010.

Mr. Leo then embarked on a "litigation odyssey." *Leo v. Garmin Int'l, Inc.* (*Leo VII*), 536 F. App'x 813, 815 (10th Cir. 2013) (unpublished) (quotations omitted), resulting in countless district court orders and seven Tenth Circuit decisions. *See id.*; *Leo v. Garmin Int'l, Inc.* (*Leo VI*), 506 F. App'x 804 (10th Cir. 2013) (unpublished); *Leo v. U.S. Dist. Court* (*Leo V*), 475 F. App'x 310 (10th Cir. 2012) (unpublished); *Leo v. Garmin Int'l, Inc.* (*Leo IV*), 464 F. App'x 744 (10th Cir. 2012) (unpublished); *Leo v. Garmin Int'l, Inc.* (*Leo III*), 464 F. App'x 740 (10th Cir. 2012) (unpublished) *cert. denied*, 133 S. Ct. 178 (2012); *Leo v. Garmin Int'l, Inc.* (*Leo II*), 464 F. App'x 737 (10th Cir. 2012) (unpublished) *cert. denied*, 133 S. Ct. 484 (2012); *Leo v. Garmin Int'l, Inc.* (*Leo I*), 431 F. App'x 702 (10th Cir. 2011) (unpublished).

We detailed Mr. Leo's litigation history in *Leo VII*, 536 F. App'x at 814-16, and decline to repeat it. In September 2011, the district court forbade Mr. Leo from filing "any document which requests post-judgment reconsideration, alteration, or modification" of the order granting summary judgment to Garmin and warned it "will sanction [Mr. Leo] a minimum of $500.00 for each violation." Appx. at 38. We upheld this order in *Leo IV*, 464 F. App'x at 745-56.

On November 25, 2013, Mr. Leo submitted his Request to the district court, in which he quoted large sections of our opinion in *Leo VII* and asked the district court to

take notice of certain "facts" to contest whether the district court should have granted summary judgment in favor of Garmin. Appx. at 39-40. The district court determined Mr. Leo's Request attempted to reargue the court's summary judgment decision and therefore violated the filing restriction. It directed the clerk not to file Mr. Leo's Request and sanctioned Mr. Leo for $500.00.

Mr. Leo timely filed a notice of appeal. He also filed a motion for leave to proceed *ifp*.[1]

## II. DISCUSSION

### A. *Refusal to File Mr. Leo's Request and the $500 Sanction*

Mr. Leo complains the district court violated his constitutional rights when it directed the clerk of the court not to file his Request and imposed the $500 sanction. We see no violation.

Courts may restrict a litigant's filing rights and impose monetary sanctions for filing violations without violating the Constitution when the litigant has a history of abusive filing. *See Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) ("To deter frivolous and abusive litigation and promote justice and judicial efficiency, the federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and

---

[1] The district court's grant of *ifp* status to Mr. Leo in 2009 has endured since then. *See* Fed. R. App. P. 24(a)(3).

In light of Mr. Leo's filing history and because his continued eligibility for *ifp* status has not been evaluated recently, we required Mr. Leo to file a renewed *ifp* motion in this case.

appellate procedure as well as their inherent right to manage their own proceedings."); Fed. R. Civ. P. 11(c) (authorizing sanctions for filing frivolous or abusive pleadings).

We upheld the district court's filing restrictions in *Leo IV*. Mr. Leo failed to comply. The district court's refusal to file Mr. Leo's Request and imposition of a monetary sanction were constitutional and appropriate.

## B. *Motion to Proceed* **Ifp**

To proceed *ifp*, "the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). We deny Mr. Leo's motion to proceed *ifp* because his appeal is frivolous.

## III.  CONCLUSION

For the foregoing reasons, we affirm the district court's order and deny Mr. Leo's request to proceed *ifp*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

4