FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**February 6, 2017**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

DORAN LAW OFFICE,

     Plaintiff - Appellee,

v.

STONEHOUSE RENTALS, INC.,

     Defendant - Appellant.

No. 15-3303
(D.C. No. 2:14-CV-02046-JAR-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **MURPHY**, Circuit Judges.[**]

     Defendant-Appellant Stonehouse Rentals, Inc. appeals from the district

court's denial of its motion to set aside an entry of default judgment for

$133,024.30 of unpaid legal fees to Plaintiff-Appellee Doran Law Office. Doran

Law Office v. Stonehouse Rentals, Inc., No. 14-2046-JAR-GLR, 2015 WL

6871330 (D. Kan. Nov. 9, 2015). Our jurisdiction arises under 28 U.S.C. § 1291,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

and we affirm.

Background

Patrick Doran (d/b/a Doran Law Office) filed a complaint against Stonehouse, a property investment and rental company, for unpaid legal fees. Mr. Doran made several unsuccessful attempts to serve the complaint on Stonehouse. He hired a process server to deliver the complaint to Stonehouse's president and resident agent, Salah Ibrahim. The process server tried to find and serve Mr. Ibrahim at three locations: Stonehouse's registered office, which is Mr. Ibrahim's second home in rural Kansas (Fall Leaf Home); Mr. Ibrahim's primary residence; and Mr. Ibrahim's used car lot. The process server's month-long efforts were unsuccessful.

Mr. Doran then sent the complaint to the Fall Leaf Home by certified mail. The mailman made five total attempts to deliver the complaint, and left notices on each visit. See 2 Aplee. Supp. App. 199–224. He observed that the mail, including the notices of certified mail, was being picked up, but that the certified mail was never claimed at the post office. 4 Aplt. App. 593–95.

Mr. Ibrahim drops by the Fall Leaf Home anywhere from twice a week to once a month, but does not conduct any business there. Cheri Hayes, Mr. Ibrahim's assistant and girlfriend, also regularly picks up mail at the Fall Leaf Home, which is her primary residence. She does not stay there often, though,

because she travels a lot for work.

As a last resort, in March 2014, Mr. Doran requested the Kansas Secretary of State to accept service on behalf of Stonehouse. After doing so, the Secretary sent a receipt of process and a copy of the complaint to the Fall Leaf Home, but the certified mail was marked unclaimed and returned in April 2014.

By June 2014, default judgment had been entered against Stonehouse for failure to respond to the complaint. Several additional documents pertaining to the lawsuit were then sent to the Fall Leaf Home, including the registration of a foreign judgment, a state court proof of service, and a bill of costs. These notices did not accumulate in the mailbox — someone was retrieving them. Nevertheless, Mr. Ibrahim and Ms. Hayes both stated that they did not receive any indication of the lawsuit or default judgment until they tried to sell real property in February 2015. In April, Stonehouse moved to set aside the entry of default judgment. After an evidentiary hearing, the district court denied Stonehouse's motion.

Discussion

Federal Rule of Civil Procedure 60(b) sets forth the grounds for relief from a judgment. Stonehouse argues that (1) the default judgment is void for lack of personal jurisdiction under Rule 60(b)(4); (2) its failure to respond to Mr. Doran's complaint was excusable neglect under Rule 60(b)(1); and (3) enforcing the default judgment would be inequitable under Rule 60(b)(6).

We generally review the denial of a motion to set aside a default judgment for an abuse of discretion. Hukill v. Okla. Native Am. Domestic Violence Coal., 542 F.3d 794, 796–97 (10th Cir. 2008). But de novo review is proper for Rule 60(b)(4) rulings because if a default judgment is void, relief is not discretionary, but mandatory. V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 223–24, 224 n.8 (10th Cir. 1979).

A.      Voidness Under Rule 60(b)(4)

Stonehouse first argues the district court did not have personal jurisdiction because it was not properly served, making the default judgment void under Rule 60(b)(4).

Default judgments are void if entered by a district court without personal jurisdiction, United States v. Bigford, 365 F.3d 859, 865 (10th Cir. 2004), and district courts cannot obtain personal jurisdiction without proper service, Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).

Federal Rule of Civil Procedure 4(e) outlines proper methods of service, including "following state law . . . in the state . . . where service is made." Fed. R. Civ. P. 4(e)(1). In Kansas, corporations may be served by "(1) [s]erving an officer . . . ; (2) leaving a copy of the summons and petition . . . at any of its business offices with the person having charge thereof; or (3) serving any agent authorized by appointment or by law to receive service of process." Kan. Stat. Ann. § 60-304(e). Service in Kansas may be carried out by certified mail with

- 4 -

return receipt delivery. Id. § 60-303(c)(1). If a corporation's resident agent cannot be found with "reasonable diligence," then the Secretary of State may accept service on the corporation's behalf. Id. § 60-304(f).

Stonehouse argues that Mr. Doran did not use reasonable diligence to find Mr. Ibrahim, meaning the Secretary of State's acceptance of service in March 2014 was invalid. We disagree. Mr. Doran hired a process server who searched for Mr. Ibrahim for a month at his primary residence, his car dealership, and the Fall Leaf Home. Mr. Doran also sent the complaint to the Fall Leaf Home by certified mail with return receipt requested. Although Stonehouse identifies several other ways Mr. Doran could have informed Mr. Ibrahim of the lawsuit, it admits that none of those "methods. . . constitute[] proper service under" Kansas law. Aplt. Br. at 36.

Stonehouse also argues Mr. Doran did not use reasonable diligence to find Mr. Ibrahim because Mr. Doran knew Mr. Ibrahim would not see mail sent to the Fall Leaf Home. Indeed, while Mr. Doran was representing Stonehouse, he suggested that Stonehouse's registered address be changed to an "office that can regularly (and promptly) accept service" because litigants were having problems serving Stonehouse at the Fall Leaf Home. 1 Aplt. App 102. He warned Mr. Ibrahim that "if the registered agent cannot be found and the plaintiff serves the [Secretary of State], the [Secretary of State] then sends certified mail . . . [and] files a return of service in the lawsuit, whether the certified mail is picked up or

not." Id. at 101 (emphasis omitted). Despite that admonition, Mr. Doran was not required to assume that sending a complaint to the Fall Leaf Home would be futile. After all, Mr. Ibrahim told Mr. Doran that he and Ms. Hayes go to the Fall Leaf Home "once a week or once every two weeks." Id. Furthermore, Mr. Doran did not rely solely upon the Fall Leaf Home; he also tried to serve Mr. Ibrahim at two other locations.

B.     Excusable Neglect Under Rule 60(b)(1)

Stonehouse next argues that the district court abused its discretion in deciding that Stonehouse failed to demonstrate excusable neglect. We disagree.

We must consider "all relevant circumstances surrounding the party's omission" when analyzing excusable neglect. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). "These include . . . [1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Id. The most important factor is the reason for delay, which alone may preclude a finding of excusable neglect. United States v. Torres, 372 F.3d 1159, 1163 (10th Cir. 2004). "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990).

Stonehouse contends that it did not receive notice of the lawsuit; hence its

delayed response. We agree with the district court that this reason is inadequate because whether Stonehouse received notice of this action was largely in Mr. Ibrahim's control. He continued to designate the Fall Leaf Home as Stonehouse's registered address even though he knew the mail would only be checked sporadically and that no one lived or worked there on a regular basis. Mr. Ibrahim had exclusive control over what address Stonehouse used as its registered office and said during the evidentiary hearing that he understood the legal significance of a registered office. Nor was this an isolated incident, as it was in Jennings v. Rivers, 394 F.3d 850, 857 (10th Cir. 2005); parties in the past had trouble effecting proper service at the Fall Leaf Home, and courts had entered default judgments against Stonehouse and other companies owned by Mr. Ibrahim on several occasions under similar circumstances.

We also agree with the district court that the other three factors weigh in Mr. Doran's favor. First, the length of delay in responding, more than a year (the time between when Stonehouse should have answered the complaint and when it did), is extraordinary. Even after learning of the lawsuit, Stonehouse waited almost two months to move to set aside the judgment. Second, allowing Stonehouse an opportunity to respond now would prejudice Mr. Doran. And third, the district court's finding that Stonehouse was acting in bad faith is not clearly erroneous. Mr. Ibrahim and Ms. Hayes claim that they never received notice of the lawsuit at the Fall Leaf Home, yet several notices were delivered,

and mail was being picked up there. The district court did not abuse its discretion in finding that Stonehouse's failure to respond timely to Doran's lawsuit was not the product of excusable neglect.

C.       Inequitable Under Rule 60(b)(6)

Stonehouse argues that the district court erred by not setting aside the default judgment under Rule 60(b)(6). Specifically, it asserts that Rule 60(b)(6) relief is appropriate because Mr. Doran's legal fees were excessive. We disagree.

Rule 60(b)(6) permits relief from a final judgment for any reason that justifies relief, other than the reasons listed in Rule 60(b)(1)–(5), and "requires a showing of extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, 536 (2005) (internal quotation marks omitted). "Relief under Rule 60(b)(6) is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996) (quoting Pelican Prod. Corp., 893 F.2d at 1147). We will only reverse if "we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong." Pelican Prod. Corp., 893 F.2d at 1147.

Stonehouse's allegation that Mr. Doran's legal fees were excessive, even if true, does not present unusual or compelling circumstances that justify relieving Stonehouse of this judgment under Rule 60(b)(6). Furthermore, the district court found that there was an adequate factual basis for Mr. Doran's legal fees, and we

will not set aside that finding.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge